AC-1998-44                                                    - 1 -

En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>     Apelado<br><br>     V.<br><br>Emilio Santa-Cruz Bacardí<br>     Apelante | Certiorari<br><br>99 TSPR 144 |
| --- | --- |

Número del Caso: AC-1998-44

Abogado de la Parte Apelante: Lcdo. Nelson Rosario Rodríguez

Abogado de la Parte Apelada: Lcda. Eunice Amaro Garay
                             Procuradora General Auxiliar

Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Concepción del P. Igartúa

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Fiol Matta

Fecha: 9/22/1999

Materia: Inf. Ley 141

     Este documento constituye un documento oficial del Tribunal
     Supremo que está sujeto a los cambios y correciones del
     proceso de compilación y publicación oficial de las
     decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
    Demandante-Apelado

                    v.                        AC-1998-44    Certiorari

Emilio Santa-Cruz Bacardí
    Demandado-Apelante

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 22 de septiembre de 1999.

¿Tiene el Ministerio Público la obligación de entregarle oportunamente a un acusado mediante descubrimiento de prueba, copia del manual de operaciones del instrumento con el cual se obtuvo la evidencia de su estado de embriaguez? El Sr. Emilio Santa-Cruz Bacardí nos solicita que revisemos una Resolución emitida por el Tribunal de Circuito de Apelaciones, mediante la cual se sostuvo una determinación del Tribunal de Instancia denegando una moción de desestimación solicitada por el acusado por haberse violado los términos de juicio rápido fijados por la Regla 64(n)(4) de Procedimiento Criminal.

Examinados los hechos del caso y el derecho aplicable, procede revocar la resolución recurrida y ordenar que se desestimen los cargos que pesan contra Santa-Cruz Bacardí.

## I.

De los hechos no controvertidos surge que el 8 de enero de 1997 se determinó causa probable contra el Sr. Emilio Santa-Cruz Bacardí por infracción a las secciones 5-201 y 5-801 de la Ley de Tránsito de Puerto Rico. (9 L.P.R.A. sec. 871, 1041). El Ministerio Público alegó que éste conducía un vehículo de motor por la Carretera número 8 bajo los efectos de bebidas embriagantes y que al llegar a la intersección con la Avenida Campo Rico hizo caso omiso a la señal de luz roja en el semáforo, e impactó con la parte frontal de su vehículo la parte lateral derecha de otro vehículo que cruzaba la intersección con la luz verde a su favor. No hubo víctimas fatales en el accidente.

Además, alegó el Ministerio Público que habiéndose hecho las advertencias legales pertinentes Santa-Cruz Bacardí accedió libre y voluntariamente a someterse a un análisis de aliento que arrojó 0.18% de alcohol en su organismo.[1]

Tras varios trámites procesales el 28 de febrero de 1997, el acusado presentó una solicitud de descubrimiento de prueba en la cual solicitó, entre otras cosas, copias de los

---

[1] La prueba de aliento se llevó acabo con un instrumento científico llamado el Intoxilyzer 5,000.

manuales de mantenimiento y de reparación del instrumento utilizado para determinar el por ciento de alcohol en su sangre. Varios días después el tribunal le concedió al Ministerio Público un término para que se expresara en torno a la moción solicitando descubrimiento de prueba. El Ministerio Público nunca se expresó al respecto.

Llamado el caso para la celebración de vista, el día 17 de marzo de 1997, 68 días después de presentada la denuncia, el Ministerio Público hizo entrega de ciertos documentos requeridos por la defensa mediante su solicitud de descubrimiento de prueba. Sin embargo, el Ministerio Público **no entregó** el Manual de Operaciones del Intoxilyzer 5,000 (en adelante "el Manual"), documento que contenía la información solicitada relativa al mantenimiento y reparación del instrumento. El tribunal le concedió 10 días al Ministerio Público para que entregara a la defensa el Manual requerido y la vista fue reseñalada para el día 16 de abril de 1997.

El día 16 de abril de 1997, 98 días después de presentada la denuncia, se llamó nuevamente el caso para juicio. El Ministerio Público aún no había suministrado el Manual, incumpliendo las órdenes dadas a esos efectos por el Tribunal de Primera Instancia. Por esta razón se suspendió otra vez el juicio. En esta ocasión el tribunal advirtió que el incumplimiento de la orden daría lugar al archivo de la denuncia, según le autoriza Regla 95B(e) de Procedimiento Criminal, por no suministrar los documentos solicitados. Se

reseñaló la vista para el 7 de mayo de 1997, advirtiendo el magistrado que este era el último día hábil de los términos de juicio rápido que se establecen en la Regla 64(n)(4) de Procedimiento Criminal.

Ocho días antes del último día hábil de los términos de juicio rápido, la defensa presentó una moción informativa en la cual hizo constar que acudió al Cuartel de la Policía a intentar conseguir copia del Manual y el Director de la División de Alcohol se negó a facilitársela.

El día del juicio por la mañana, estando presente el apelante, los testigos, el químico y un policía, la defensa expresó al tribunal que tal y como se había alegado en la moción informativa del 29 de abril de 1997 aún no se le había facilitado copia del Manual en violación, nuevamente, a la orden de dicho tribunal. La defensa alegó que procedía la desestimación del caso conforme a derecho y a la orden del tribunal del 16 de abril de 1997. Sin embargo, el foro no desestimó. En su lugar, dio turno posterior al caso debido a que no estaba presente la agente que le suministró la prueba de aliento al acusado.

Luego del receso de mediodía el caso fue llamado nuevamente, la prueba de cargo aún no estaba completa. La defensa repitió que no se le había suministrado copia del Manual y que ese documento era indispensable para prepararse adecuadamente para el caso. Solicitó nuevamente la desestimación de las denuncias en virtud del derecho a juicio rápido, el debido proceso de ley y la orden del foro de instancia. En ese momento el magistrado preguntó al

químico del Estado si tenía en su poder copia del Manual. Este contestó en la afirmativa y se lo entregó a la defensa. El tribunal dio por contestada la solicitud de descubrimiento de prueba.

El apelante objetó y alegó que no era justo que se le entregara a las 2:00 p.m. un manual con más de 50 páginas de información técnica el cual tenía que estudiar de forma tal que pudiese prepararse adecuadamente para ver el juicio y así poder impugnar exitosamente la prueba científica de alcohol realizada. Añadió la defensa que en el escaso tiempo restante del día no podía prepararse adecuadamente para impugnar la confiabilidad de la prueba suministrada con el Intoxilyzer 5,000. El Tribunal de Primera Instancia declaró no ha lugar el planteamiento e indicó que si la defensa necesitaba tiempo para prepararse tendría que suspender la vista y renunciar a su derecho a juicio rápido. La defensa objetó y alegó nuevamente que se le estaría violando al acusado tanto su derecho a una adecuada defensa como su derecho a un juicio rápido. El Juez denegó dichas alegaciones. La defensa solicitó término para acudir al Tribunal de Circuito de Apelaciones y el juicio se reseñaló para el 4 de junio de 1997, 147 días después de presentada la denuncia.

Mediante la resolución recurrida el Tribunal de Circuito de Apelaciones denegó expedir el recurso solicitado basándose principalmente en los siguientes fundamentos:

(1) el acusado no demostró que el Manual sería utilizado por el Ministerio Público.

(2)  el Ministerio Público no tenía bajo su control el

     referido Manual y;

(3)  que el Manual no había sido requerido con suficiente

     especificación.

Inconforme con dicha determinación recurre ante nos el

acusado señalando que erró el Tribunal de Circuito de

Apelaciones al concluir que el Ministerio Público no venía

obligado a suministrar a la defensa el Manual, y al no

ordenar la desestimación de las denuncias por haberse

violentado su derecho a un juicio rápido[2].

---

[2] Debemos señalar que el peticionario invocó la jurisdicción apelativa de este Tribunal por alegadamente tratarse de una cuestión constitucional sustancial.

    Cabe recordar, que la sec. 3.002 de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm 248 de 25 de diciembre de 1997, 4 L.P.R.A. sec. 22i(b) y (c), establece que el Tribunal Supremo conocerá mediante recurso de apelación: [1] las sentencias finales que dicte el Tribunal de Circuito de Apelaciones en recursos de apelación en **casos civiles** en los cuales se haya determinado la inconstitucionalidad de una ley, resolución conjunta, resolución concurrente, regla o reglamento de una agencia o instrumentalidad pública u ordenanza municipal, al amparo de la Constitución de los Estados Unidos o de la Constitución del Estado Libre Asociado de Puerto Rico, y [2] cuando se plantee la existencia de conflicto entre sentencias del Tribunal de Circuito de Apelaciones en **casos civiles** apelados ante este tribunal. Véase, Sumario de Derecho Procesal Penal Puertorriqueño, Dora Nevares-Muñiz, 1998, p.18-19

    Asimismo la Ley de la Judicatura establece que las sentencias finales del Tribunal de Circuito de Apelaciones en casos de naturaleza penal serán revisadas por el Tribunal Supremo únicamente mediante *Certiorari*.

    Tratándose el caso de autos de una resolución emitida por el Tribunal de Circuito de Apelaciones en un caso de naturaleza penal, este recurso no cualifica para ser atendido como una apelación. No obstante, conforme lo permite el Artículo 3.002(i) de la Ley de la Judicatura de Puerto Rico de 1994 según enmendada, y la Regla 18(a)(2) del Reglamento de este Tribunal, acogemos el presente recurso como uno de *Certiorari*, por ser el recurso apropiado para solicitar la revisión de la resolución de la cual se recurre.

Así las cosas, emitimos una orden de mostrar causa por la cual no debería revocarse la determinación del Tribunal de Circuito de Apelaciones. Habiendo comparecido el Ministerio Público procedemos a resolver según lo intimado.

Comenzaremos por analizar la procedencia del descubrimiento de prueba a favor del acusado, en específico la entrega del Manual del Intoxilyzer 5,000.

## II.

Nuestra Constitución garantiza el derecho de todo acusado a preparar adecuadamente su defensa. Como parte de esta garantía hemos reconocido como fundamental, el derecho a obtener mediante descubrimiento de prueba evidencia que pueda favorecerle. Por esta razón hemos resuelto que el derecho a descubrimiento de prueba es uno consustancial con el derecho de todo acusado a defenderse en un proceso criminal en su contra. Pueblo v. Arocho Soto, res. el 29 de diciembre de 1994 137 D.P.R.___ (1994); Pueblo v. Echevarría Rodríguez, 128 D.P.R. 299, 324 (1991); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243 (1979); Pueblo v. Tribunal Superior, 102 D.P.R. 470 (1970); Hoyos Gómez v. Tribunal Superior, 90 D.P.R. 201, 204 (1964).

El ámbito del derecho a un descubrimiento de prueba está delimitado, como norma general, por lo dispuesto en las Reglas 94 y 95 de Procedimiento Criminal. Pueblo v. Arocho Soto, supra; Pueblo v. Rodríguez Sánchez y otros, 109 D.P.R. 243 (1979).

La Regla 95 de Procedimiento Criminal dispone, en lo pertinente, que:

"...a)Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación o denuncia, y dentro del término prescrito para someterla, el tribunal ordenará al Ministerio Fiscal que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal:
...
4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.
...
El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:
(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación...
...
c) El Ministerio Fiscal deberá informar al tribunal si el material o la información solicitada no se encuentra en su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posee, custodie o controle, que la ponga a la disposición del acusado...." Ley Núm 58 del 1 de julio de 1988, 34 L.P.R.A. Ap. II, R. 95.

Como primer fundamento para rehusar reconocer el derecho del acusado al descubrimiento del Manual, el foro apelativo le impuso como requisito al acusado el deber de probar que esta información habría de ser utilizada por el Ministerio Público durante el juicio. Erró el Tribunal de Circuito de Apelaciones al así determinar. Veamos.

De una lectura de la regla anteriormente citada se desprende que para que el Ministerio Público venga obligado a descubrir para beneficio del acusado cualquier libro o documento de los que allí se mencionan basta con que se dé una de las siguientes tres circunstancias: (1) **que el material solicitado sea relevante para preparar la defensa**

**del acusado**; (2) que el Ministerio Público se proponga utilizarlo en el juicio; ó (3) que el mismo haya sido obtenido del acusado o le perteneciera. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, Vol. III p. 333-334, (1993). Por lo tanto, bastaba en este caso que el material solicitado fuese relevante a la defensa del acusado para que surgiese la obligación del Ministerio Público de entregarlo.

Cabe recordar que la determinación inicial acerca de la procedencia de una petición de descubrimiento de prueba, y por ende de su relevancia para la adecuada defensa del acusado, recae en el foro de primera instancia. En el caso de autos dicho foro determinó que le correspondía al Ministerio Público hacer entrega del Manual solicitado. El Ministerio Público nunca presentó objeción a esta orden. Además, un análisis independiente de la información solicitada y de las circunstancias particulares de este caso, nos llevan a concluir que el Manual solicitado era relevante para la adecuada defensa del acusado.

Tal y como señala el acusado a través de su representación legal, de ordinario, la única defensa que tiene cualquier persona contra quien se vaya a utilizar un resultado de una prueba científica es cuestionar la confiabilidad o certeza de la misma. Es evidente que no se puede cuestionar la confiabilidad de una prueba científica si se desconoce la manera en que ésta opera, el mantenimiento que se le debería dar y la manera en que tiene que ser utilizada. Sin esta información es imposible

cuestionar efectivamente la manera en que fue utilizada y el mantenimiento que recibió.

Mas aún la relevancia de la información solicitada se hace patente en casos como el de autos donde, según señala el acusado -y no contradice el Ministerio Público-, la prueba realizada con el Intoxilyzer 5,000 era la única evidencia que tenía el Ministerio Público relacionada con el estado de embriaguez del acusado. Por estas razones entendemos que el Manual de Operaciones del Instrumento con el cual se midió el por ciento de alcohol en la sangre del acusado es de suma relevancia y pertinencia para una adecuada preparación de su defensa.

Establecida la relevancia del material solicitado la Regla exige examinar si el material requerido se encuentra bajo la posesión, custodia o control del Ministerio Público. La propia regla dispone que si el material o información que se solicita no se encuentra en la posesión o custodia del Ministerio Público, este deberá informarlo al tribunal "para que éste, en el ejercicio de su discreción determine si procede expedir una orden para poner el material o información a disposición del acusado". Ernesto L. Chiesa, supra, Vol. III, sec. 28.2, pág 322. Sin embargo, como establece el Profesor Chiesa, "[d]ebe desalentarse que el Ministerio Fiscal invoque, como razón para no descubrir, que el material o información se halla en posesión o control de otra división del Departamento de Justicia, en la Policía o en cualquier agencia estatal. Debe haber suficiente relación

interagencial, dentro del Estado, para que se facilite a la defensa tal material o información."[3]

Cabe señalar, que en Pueblo v. Rivera Rodríguez, res. el 31 de marzo de 1995, 138 D.P.R.___ (1995), señalamos que consistentemente este Foro ha sostenido la obligación del Ministerio Público de entregar los documentos en poder de otras entidades gubernamentales que no están directamente bajo su custodia o control. Unicamente cuando los documentos están en manos de terceras personas que no son funcionarios gubernamentales es que se ha sostenido que los mismos no están "en poder" del Ministerio Público. Así también hemos determinado que "[e]l fiscal lleva la representación del Gobierno en el juicio y es quien conduce la investigación y el acopio de pruebas por lo que en dicho funcionario se centra y concreta todo el proceso acusatorio capaz de producir la privación de libertad como resultado de convicción. Es su responsabilidad exigir de quien los tenga los informes de los agentes encubiertos en todo caso en que por el acusado se justifique la necesidad de los mismos" Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 248 (1979).[4]

A igual conclusión han llegado otros Tribunales en jurisdicciones estatales que contienen una disposición similar a la nuestra.

---

[3] Ernesto L. Chiesa, *supra*, Vol. III, sec. 28.2, pág. 321 (1992).
[4] La actual regla 95(a)(6) expresamente incorporó la obligación del Ministerio Público de entregar cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para prepara la defensa del acusado.

"In jurisdictions with provisions extending to items that may be material to defense preparation, a wide range of documents not related immediately to the offense itself may also be subject to disclosure. Thus, a defendant charged with assaulting a police officer might claim that, to prepare a defense of self-defense, he should be allowed to inspect personnel records which would indicate whether the officer had previously been reprimanded for unnecessary use of force. So too, a defendant might seek the 'rap sheet' listing prior convictions of the state´s chief witnesses. In many instances, prosecutors have responded to such requests by claiming that the item requested is not within their 'custody or control' because it lies within the files of a police agency that does not ordinarily report to the prosecutor. **Courts have held, however, that the prosecutor´s control extends to records in the possession of 'any []prosecutorial or law enforcement office' of the particular state.** Moreover, when the requested document is available from an agency outside the state (e.g., the National Crime Information Center), the prosecutor may have an obligation to make a diligent good faith effort to obtain the cooperation of that agency" La Fave and Israel, Criminal Procedure (1984), p. 490-491. Véase además, State v. Coney, 294 So.2d 82 (1974); State v. Humphrey, 217 Kan. 352, 537 P.2d 155 (1975). (énfasis nuestro)

Ante este trasfondo es sorprendente que el foro apelativo determinase que el Manual no se hallaba en posesión, custodia o control del Ministerio Público porque los tenía la Policía de Puerto Rico. Estas dos dependencias gubernamentales están estrechamente ligadas en la investigación y procesamiento criminal y deben coordinar cuidadosamente sus esfuerzos por encausar a las personas imputadas de un delito. Por lo tanto, y dado que es incuestionable la estrecha relación interagencial que existe entre el Ministerio Público y la Policía de Puerto Rico, entendemos que el requisito de que el material se halle en

posesión, custodia o control del Ministerio Público quedaba satisfecho.

El foro apelativo también determinó que el Manual no había sido requerido con suficiente especificación. Fundamentó esta conclusión en que en la solicitud de descubrimiento de prueba no se requirió específicamente el "Manual de Operaciones del Intoxilyzer 5,000" sino que se solicitó "el Manual de Reparaciones" y "el Manual de Mantenimiento" del instrumento utilizado para medir el nivel de alcohol en la sangre del acusado. Por esta razón el Foro apelativo denominó la solicitud de descubrimiento como una "expedición de pesca" de las que pretenden desalentar las reglas de Procedimiento Criminal. Véase, Pueblo v. Romero Rodríguez, 112 D.P.R. 437, 440 (1982).

Este análisis es incorrecto. Surge con suficiente precisión de la solicitud de descubrimiento cuál era la información que el acusado solicitaba y que presumía podría encontrarse en más de un documento. El acusado no tenía manera de saber, antes de llevar acabo el descubrimiento de prueba, el nombre del instrumento utilizado, ni que la información que él requería se hallaba en un sólo manual. Era claro cuál era la información requerida por el acusado y tanto el magistrado que presidió las vistas, como el Ministerio Público, entendieron en todo momento que la información solicitada se encontraba en el Manual de Operaciones del Intoxilyzer 5,000.

Por lo tanto, habiendo sido solicitado el Manual con suficiente especificación, siendo evidente la relevancia del

mismo para la adecuada defensa del acusado, y encontrándose éste bajo la custodia, control y posesión del Ministerio Público, erró el foro apelativo al confirmar la determinación del Tribunal de Primera Instancia tras concluir que el acusado no tenía derecho a obtener mediante descubrimiento de prueba copia del Manual.

Habiendo determinado que era obligación del Ministerio Público hacer entrega oportuna del Manual al acusado, nos corresponde determinar si la entrega del mismo el último día de los términos de juicio rápido establecidos por la Regla 64(n) de Procedimiento Criminal es motivo suficiente para la desestimación del caso.

### III.

La Sección 11 de la Carta de Derechos de nuestra Constitución le garantiza a todo acusado el derecho a ser juzgado rápidamente. Si bien esta disposición constitucional enuncia como principio general el derecho del acusado en todo proceso criminal a tener un juicio rápido, nuestras Reglas de Procedimiento Criminal establecen el alcance del mismo, cubriendo varias etapas del periodo entre el arresto y el juicio. Asimismo este Tribunal se ha encargado de dilucidar controversias en torno al alcance de este derecho en otras etapas del procedimiento que no estaban contempladas expresamente por las Reglas.[5] *Véase*, <u>Pueblo v. Opio Opio</u>, 104 D.P.R. 165 (1975) (incorporando un término de

---

[5] De esta forma, tal y como se señaló en <u>Pueblo v. Arcelay</u>, 102 D.P.R. 409, 417 (1974), le hemos dado continuidad a la "histórica posición de vanguardia de Puerto Rico en precisar el contenido del derecho a juicio rápido".

60 días como uno adecuado para celebrar la vista preliminar); Pueblo v. Vélez Castro, 105 D.P.R. 246 (1976) (estableciendo como razonable un término máximo de 60 días para que se llevara acabo la vista preliminar en alzada); Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986) (incorporando a la etapa de un juicio ya comenzado los siguientes cuatro factores al evaluar una violación al derecho a juicio rápido: (1) duración de la tardanza; (2) razones para la dilación; (3) reclamo oportuno de dicho derecho por el acusado, y (4) perjuicio resultante). *Véase además*, Gladys González Colón, *El Derecho a Juicio Rápido en el Procedimiento Criminal*, 48 Rev. Jur. U.P.R. 645, 650 (1979).

En lo pertinente al caso de autos la Regla 64(n) de Procedimiento Criminal expresamente dispone que se podrá solicitar la desestimación de una acusación o denuncia basándose en el siguiente fundamento.

> "Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora se deba a la solicitud del acusado o a su consentimiento...
> **Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia."**
> (34 L.P.R.A. Ap. II R. 64(n))(énfasis nuestro)

Hemos establecido en numerosas ocasiones que el derecho a un juicio rápido, es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo particular. Pueblo v. Rivera Arroyo, 120 D.P.R. 114 (1987); Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986); Pueblo v.

Reyes Herrans, 105 D.P.R. 658 (1977). También hemos expresado que "tanto los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. **Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso** y los derechos del acusado han de atemperarse a la administración práctica de justicia." Pueblo v. Rivera Colón, 119 D.P.R. 315, 322 (1987); Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173, 177 (1976). Es precisamente conforme a estos enunciados que "hemos aceptado como constitucionalmente válido el condicionamiento que impone la Regla 64(n) de Procedimiento Criminal vigente, al reclamo que al amparo de ella hagan los acusados de delito". Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 119 (1987). Por lo tanto, conforme establece la Regla 64(n), ante un reclamo de un acusado de que se han excedido o van a exceder los términos fijados por la Regla 64(n), el tribunal debe examinar si existió justa causa para la demora o si ésta se debió a la solicitud del acusado o a su consentimiento.[6] Pueblo v. Rodríguez Santana, res. el 23 de

---

[6] Muy recientemente en Pueblo v. Rodríguez Santana, res. el 23 de octubre de 1998, 98 TSPR 140 (1998), expresamos:
" De acuerdo con las disposiciones de la Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el imputado de delito puede presentar una moción para solicitar la desestimación de la acusación o de la denuncia cuando no se celebra la vista preliminar dentro del término de 60 días contados a partir del arresto o citación. El cumplimiento del Estado con dicho término forma parte del derecho constitucional a juicio rápido de las personas imputadas de delito. No obstante, dicho derecho no es absoluto, "...[mas] bien es un derecho que requiere tomar en cuenta las

octubre de 1998, 98 TSPR 140; Pueblo v. Rivera Colón, 119

D.P.R. 315, 325 (1987); Pueblo v. Montezuma, 105 D.P.R. 710,

712 (1977); Jiménez Román v. Tribunal Superior de P.R., 98

D.P.R. 874, 883 (1970); Pueblo v. Carrión Roque, 99 D.P.R.

362 (1970).

Así mismo hemos establecido que una vez el acusado

reclama oportunamente una violación a los términos fijados

por la Regla 64(n), el peso de demostrar la causa justificada

para la demora recae sobre el Ministerio Público.[7] Pueblo v.

Carrión Roque, 99 D.P.R. 362, 363 (1970); Pueblo v. Herrera,

67 D.P.R. 25, (1957). El Ministerio Público también puede

demostrar que el acusado ha sido el causante de la demora o

que ha renunciado a su derecho de forma expresa, voluntaria y

efectuada con pleno conocimiento de causa. Pueblo v. Arcelay,

supra, pág. 416.

Relativo a lo que puede considerarse justa causa hemos

establecido en específico que **"queda excluida como justa**

**causa aquella demora intencional y opresiva"**. Pueblo v.

---

circunstancias que rodean cada reclamo del mismo". Pueblo v. Rivera Arroyo, 120 D.P.R. 114,119 (1987). **La infracción del término de juicio rápido dispuesto para la celebración de la vista preliminar no tendrá efecto perjudicial para el Estado si existe justa causa para la tardanza, la demora es imputable al imputado o si ha sido consentida por éste.** Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987)." (énfasis nuestro)

[7] En Pueblo v. Carrión Roque, 99 D.P.R. 362, 367 (1970) expresamos:

"Debe recordarse que el peso de esa prueba recae sobre el Ministerio Público y no sobre el acusado apelante. De lo contrario se menoscaba la garantía constitucional de un juicio rápido considerado como uno de fundamental importancia para el acusado. Jimenez Román v. Tribunal Superior. 98 D.P.R. 874 (1970)."

Rivera Colón, 119 D.P.R. 315, 325 (1987); Hernández Pacheco v. Flores Rodríguez,105 D.P.R. 173, 178 (1976). Sin embargo, siempre hemos enfatizado que la determinación de qué constituye justa causa es una que debe hacerse caso a caso y a la luz de la totalidad de las circunstancias. Pueblo v. Arcelay, supra, pág. 417. Véase además, Pueblo v. Rodríguez Santana, supra.

De acuerdo con estos principios procedemos a examinar el reclamo del acusado de que se le violó su derecho a un juicio rápido debido a que no se le sometió a juicio en los 120 días que fija la Regla 64(n)(4). Por lo tanto, y conforme expresamos en Pueblo v. Rivera Arroyo, supra, al analizar esta alegada violación al derecho a un juicio rápido basada en los términos fijados por nuestras Reglas de Procedimiento Criminal nos corresponde examinar, primero si la dilación fue causada por el acusado, segundo si fue expresamente consentida por este y finalmente, si el Ministerio Público demostró la existencia de justa causa para la dilación. De contestarse en la afirmativa cualquiera de estas interrogantes no procederá la desestimación de la denuncia basada en la Regla 64(n).

**V.**

Según se desprende de los hechos, el último día de los términos de juicio rápido establecidos por la Regla 64(n)(4), durante la vista señalada y ante el incumplimiento del Ministerio Público con la orden de descubrimiento de prueba, el acusado solicitó que se desestimara la denuncia en su contra por violación a su derecho a un juicio rápido.

El juez de instancia, le requirió en ese momento al perito del Ministerio Público que de tener el Manual se lo entregara al acusado. El perito entregó el Manual, y el juez declaró no ha lugar la solicitud de desestimación del acusado. El acusado solicitó nuevamente la desestimación de la denuncia, esta vez señalando que el obligarlo a comenzar el juicio, sin haber tenido la oportunidad de estudiar el Manual recién entregado violaba su derecho a una adecuada defensa. El juez de instancia procedió a señalar que el acusado tenía dos alternativas: 1- renunciar a su derecho a juicio rápido consagrado en la Regla 64(n)(4) o 2- renunciar a su derecho a una adecuada defensa.

Comencemos por señalar que si bien ambos derechos son renunciables, las renuncias sugeridas en este caso por el juez de instancia de ninguna forma pueden configurar la renuncia expresa voluntaria y efectuada con pleno conocimiento de causa que se exige en estos casos. Si bien no negamos que pueda configurarse una situación en la cual un acusado tenga que escoger entre renunciar a un derecho constitucional con el fin de adelantar otro, cuando esta encrucijada es causada injustificadamente por la falta de diligencia del Ministerio Público, no puede considerarse voluntaria la renuncia[8].

---

[8] En un caso similar al que hoy resolvemos el Tribunal de Apelaciones del Estado de Washington expresó:

> " **To require [the accused] to request a continuance under these circumstances would be to present her with a Hobson´s choice: she must sacrifice either her right to a speedy trial or her right to be represented by counsel who had sufficient opportunity to prepare her defense...**

Por lo tanto, debemos finalmente examinar si existió causa justificada para la tardanza en hacer entrega del Manual solicitado. En su comparecencia ante nos, el Ministerio Público en ningún momento intenta justificar la tardanza en entregar el Manual. Se limita a indicar que el Manual no era pertinente o que no tenía la obligación de entregarlo. Como señaláramos anteriormente estos argumentos nunca fueron levantados ante el Tribunal de Primera Instancia. A contrario sensu, el foro de instancia entendió claramente la importancia del Manual solicitado, hasta al punto de amenazar al Ministerio Público con la sanción más severa que autoriza la Regla 95B de Procedimiento Criminal, la desestimación del caso.

No albergamos duda en cuanto a que el Ministerio Publico tenía la obligación legal de hacerle entrega oportuna del Manual al acusado. En el caso de autos ésta falta de diligencia causó ansiedad y preocupaciones al acusado y a su familia, además de perdidas de ingreso por cada día que tuvo que acudir al tribunal y faltar al trabajo[9]

---

We agree that if the State inexcusably fails to act with due diligence, and material facts are thereby not disclosed to defendant until shortly before a crucial stage in the litigation process, it is possible either  a defendant's right to a speedy trial, or his right to be represented by counsel who has had sufficient opportunity to adequately prepare a material part of his defense, may be impermissibly prejudiced.  Such unexcused conduct by the state cannot force a defendant to chose between these rights.(énfasis nuestro) State v. Sherman, 59 Wash App. 763, 801 P. 2d 274, 277 (1990).

[9] Véase, Declaración Jurada suscrita por el acusado el 6 de junio de 1997, y anejada al Certiorari presentado ante el Tribunal de Circuito de Apelaciones.

sin que se pudiese llevar acabo el juicio. La tardanza causada por la falta de diligencia del Ministerio Público también prolongó innecesariamente la incertidumbre que pesa sobre el acusado ante una posible convicción penal en su contra. No es necesario demostrar que las actuaciones del ministerio público fueran intencionales, basta que los hechos procesales configurativos de la demora fueran injustificados.

Por estas razones y dado los hechos particulares ante nos entendemos que erró el Tribunal de Primera Instancia al no desestimar la denuncia en contra del señor Santa-Cruz Bacardí por habérsele violado el derecho a un juicio rápido, al hacerle entrega del Manual solicitado, el último día de los términos fijados por la Regla 64(n)(4), para comenzar el juicio. Procede por ende revocar la determinación del Tribunal de Circuito de Apelaciones, que a su vez confirmó la determinación del Tribunal de Primera Instancia.

Se dictará la Sentencia correspondiente.


FEDERICO HERNANDEZ DENTON
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
   Demandante-Apelado


                   v.                        AC-1998-44     Certiorari


Emilio Santa-Cruz Bacardí
    Demandado-Apelante


                            SENTENCIA


        San Juan, Puerto Rico, a 22 de septiembre de 1999.


        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Sentencia emitida por el Tribunal de Circuito de Apelaciones confirmando la determinación del Tribunal de Primera Instancia, y se ordena la desestimación de la denuncia en contra del señor Santa-Cruz Bacardí.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Isabel Llompart Zeno
                     Secretaria del Tribunal Supremo