Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br><br>v.<br><br><br>EDWIN NOEL LÓPEZ REYES<br><br>*Peticionario* | KLCE202500093 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>JVI2024G0018<br>JLA2024G0234<br>JLE2024G0599<br><br>Sobre:<br>Art. 93 CP<br>Art. 6.14 Ley Armas<br>Art. 53 B Ley 57 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de febrero de 2025.

Comparece ante nos el señor Edwin Noel López Reyes (parte peticionaria o señor López Reyes) mediante petición de *Certiorari y Moción Urgente en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos ante el Tribunal de Primera Instancia* presentadas el 31 de enero de 2025. En su recurso, la parte peticionaria solicita la revisión y revocación de la *Minuta Resolución* emitida el 16 de enero de 2025 y notificada el 21 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró no ha lugar la *Moción Solicitando lo que Falta por Descubrir* presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *Certiorari* solicitado y **confirmamos** la *Resolución y Orden* recurrida.

Número Identificador

SEN2025_____

**I.**

Conforme surge del expediente ante nuestra consideración, el 15 de enero de 2025, la parte peticionaria presentó escrito intitulado *Moción Solicitando lo que Falta por Descubrir,* en la que requirió copia de cualquier declaración jurada[1] presentada por los testigos Krizia Rivera González, la menor NLR, Dhilza Ivelisse Torres Santiago, los agentes Luis Casiano Alvarado y Wilhem Estrada Batista, los cuales alegó que todos testificaron en la vista de Regla 6[2]. Además, solicitó copia de todos los "Mugshot Profiles" y antecedentes penales de los testigos del caso[3]; los mensajes de textos y las llamadas hechas y recibidas desde el dispositivo ocupado a la occisa; así como los de la señora Shalimar Fernanda Vázquez Roche[4]. Por último, también solicitó cualquier examen de índole mental que se haya hecho a alguna de las dos hijas del acusado[5].

El 16 de enero de 2025, el foro primario celebró una vista para atender la solicitud. De la *Minuta Resolución* surge que, luego de escuchar los argumentos de las partes, el TPI dispuso lo siguiente: ya que en estos momentos no procede la petición de la entrega de las declaraciones juradas, No Ha Lugar a lo solicitado; No Ha Lugar a la petición del acceso al Mugshot Profiles", antecedentes penales de los testigos; y No Ha Lugar a la solicitud de los mensajes de textos y llamadas hechas y recibidas el día del incidente. Sobre la petición de las evaluaciones, el TPI ordenó al Ministerio Público a realizar un

---

[1] El Ministerio Público se opuso no procede entregar las declaraciones juradas porque la vista de R 6 no fue adversativa. Además, se le entrego la declaración jurada de la única testigo que testifico en la vista de R 6. Argumento basado en el caso *Pueblo v Irizarry* 160 DPR 554 (2003).

[2] 34 LPRA Ap. II, R. 6.

[3] El Ministerio Publico se opuso al petitorio esbozando que la defensa no ha demostrado la especificidad alguna de los delitos que pudiese cuestionar la capacidad o el testimonio de los testigos por una cuestión de falsedad.

[4] El Ministerio Público argumento que el dispositivo electrónico no está en control del estado, que no se va a utilizar en el caso y fue entregado a los familiares, fundamento su alegato con lo establecido en *Pueblo v Custodio* 192 DPR 587 (

[5] El Ministerio Público se opuso y adujo que, no ha solicitado ni se ha sometido a las menores a ninguna evaluación que produzca algún tipo de informe pericial

ejercicio de verificar si existen y que proceda el Ministerio Público a presentar su posición.

En desacuerdo con la determinación, el 31 de enero de 2025, la parte peticionaria presentó el recurso ante nuestra consideración, en el cual señaló al TPI la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no permitir las solicitudes de descubrimiento de pruebas pertinente y necesario para una adecuada defensa.

Asimismo, el peticionario acompañó su petición de *Certiorari* con una *Moción Urgente en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos ante el Tribunal de Primera Instancia* debido a que el 3 de febrero de 2025, a las 2:30 pm, estaba pautado el comienzo del juicio por jurado.

El 31 de enero de 2025, emitimos una *Resolución* en la que declaramos *No Ha Lugar* la solicitud de paralización de los procedimientos ante el Tribunal de Primera Instancia y concedimos un término reducido al Ministerio Público para expresar su posición.

En cumplimiento con la referida orden, el 4 de febrero de 2025, compareció la Oficina del Procurador General en representación del Ministerio Público. En síntesis, alegó que el 22 de septiembre de 2024, el Ministerio Público presentó contra el señor López Reyes varias acusaciones por infringir varias disposiciones penales, a saber: el Código Penal en su Artículo 93(e)[6], *Ley de Armas de Puerto Rico* en su Artículo 6.14 (a)[7] y la *Ley para Prevención de Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de Menores*[8] en su Artículo 53 (b). Además, expuso que durante la conferencia con antelación a juicio se atendieron todos los reclamos del señor López Reyes.

---

[6] 33 LPRA secc. 5142.
[7] 25 LPRA secc. 466m.
[8] 8 LPRA. secc. 1734.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver el recurso ante nuestra consideración.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[9]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[10]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[11]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[12].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[13], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[9] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[10] *Íd.*
[11] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[12] *Íd.*
[13] 4 LPRA XXII-B, R. 40.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Sección 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, garantiza a todo acusado el derecho a preparar una defensa adecuada y obtener prueba a su favor[14]. De manera que, todo imputado de delito tiene derecho a informarse debidamente en la preparación para su defensa, así como a obtener, mediante el descubrimiento de prueba, evidencia que pueda favorecerle[15].

Ciertamente, la determinación inicial acerca de la procedencia de una petición de descubrimiento de prueba y, por ende, de su relevancia para la adecuada defensa del acusado, descansa en la sana discreción del Tribunal de Primera Instancia[16]. Por un lado, siempre debe gravitar en todo este proceso, que "el objetivo de todo proceso judicial es la búsqueda de la verdad"[17], pues únicamente "se hace justicia cuando se conoce toda la verdad"[18]. Por otro lado,

---

[14] *Pueblo v. Arocho Soto*, 137 DPR 762 (1994).

[15] Véase: *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003); *Pueblo v. Arocho Soto*, *supra*, pág. 766; *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 246 (1979); *Hoyos Gómez v. Tribunal Superior*, 90 DPR 201, 204 (1964).

[16] *Pueblo v. Santa-Cruz Bacardí*, 149 DPR 223, 234 (1999); *Pueblo v. Dones Arroyo*, 106 DPR 303, 314 (1977).

[17] *Pueblo v. Vega*, 148 DPR 980, 991 (1999).

[18] *Pueblo v. Ribas*, 83 DPR 386, 389 (1961).

el tribunal debe "establecer un justo balance entre los derechos del acusado y los intereses del Estado"[19].

Si bien es cierto que un imputado tiene derecho a descubrir prueba, el Tribunal Supremo ha pautado que este descubrimiento no es absoluto. Está regulado y limitado por la Regla 95 de Procedimiento Criminal[20], que constituye una "barrera estatutaria contra las llamadas 'expediciones de pesca' en los archivos de fiscalía"[21]. En lo pertinente, la Regla 95 (a) de Procedimiento Criminal[22], dispone:

> (a) El acusado presentará Moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el Tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento. Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que **permita al acusado inspeccionar, copiar o fotocopiar** el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública [...].

De conformidad con esta Regla 95, el Ministerio Público tiene la obligación de poner a disposición de la defensa la prueba documental y demostrativa si está presente cualquiera de las siguientes condiciones: (1) la prueba es pertinente para preparar la defensa del acusado; (2) el fiscal se propone utilizar la prueba en el juicio; o (3) la prueba fue obtenida del acusado o le pertenece[23].

**III.**

La parte peticionaria sostiene que el foro primario erró al no proveerle la información o prueba solicitada aun cuando el Ministerio Público no puso a disposición todos los documentos

---

[19] *Pueblo v. Tribunal Superior*, 102 DPR 470, 479 (1974).
[20] *Pueblo v. Arzuaga, supra*, pág. 534.
[21] 34 LPRA Ap. II., R. 95 (a) (4).
[22] 34 LPRA Ap. II., R. 95.
[23] *Pueblo v. Santa-Cruz Bacardí, supra,* pág. 232.

solicitados mediante *Moción* y que son necesarios para estar debidamente preparados para el juicio. No le asiste la razón.

Según se desprende de la *Minuta Resolución*, el foro primario celebró conferencia con antelación a juicio y se trajeron a su atención varios asuntos, entre estos, el TPI evaluó la pertinencia y necesidad de la prueba solicitada por la defensa. A esos fines, discutió con las partes cada una de las peticiones de producción de prueba solicitada por la parte peticionaria. De igual forma, recibió la postura del Ministerio Público, la cual giró en torno a que la prueba solicitada no iba ser utilizada durante la vista en su fondo. Ante ello, el TPI ponderó las argumentaciones y procedió de forma individualizada a declarar *no ha lugar* a la entrega de las declaraciones juradas, acceso al Mugshot Profiles", antecedentes penales de los testigos y a la solicitud de los mensajes de textos y llamadas hechas y recibidas el día del incidente. Sin embargo, sobre la petición de las evaluaciones, el TPI ordenó al Ministerio Público a realizar un ejercicio de verificar si existen.

Reiteramos que, conforme a nuestra jurisprudencia, de ordinario, este foro revisor no intervendrá con el ejercicio de discreción de los foros de primera instancia, salvo que la parte peticionaria demuestre que hubo un craso abuso de discreción, o que el foro primario actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial[24].

Luego de una minuciosa evaluación del expediente, determinamos que no quedó demostrado que el foro primario hubiese actuado mediando error manifiesto, pasión, prejuicio o parcialidad, o que se haya equivocado en la interpretación del

---

[24] *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

derecho. Consecuentemente, no vemos razón por la cual debamos intervenir con el dictamen recurrido. Por lo cual, colegimos que el TPI actuó correctamente al disponer que la etapa de descubrimiento de prueba había concluido y que el caso estaba listo para juicio.

**IV.**

Por los fundamentos expuestos, ***expedimos*** el auto de *Certiorari* solicitado y **confirmamos** el dictamen recurrido.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones