En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>    Peticionario<br><br>       V.<br><br>Elvin Candelaria Vargas<br>    Recurrido | Certiorari<br><br>99 TSPR 96 |
|---|---|

Número del Caso: CC-1998-0584

Abogados de la Parte Peticionaria: Hon. Carlos Lugo Fiol,
                                   Procurador General
                                   Lcdo. Angel M. Rivera Rivera,
                                   Procurador General Auxiliar

Abogada de la Parte Recurrida:     Lcda. Zinia I. Acevedo Sánchez

Tribunal de Instancia, Sala Superior Aguadilla

Juez del Tribunal de Primera Instancia: Hon. Ramón E. Febus Bernardini

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Rodríguez García

Fecha: 6/18/1999

Materia: Art. 404 Sustancias Controladas

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Peticionario

      v.

                      CC-98-584

      Elvin Candelaria Vargas

    Recurrido

PER CURIAM

En San Juan, Puerto Rico, a 18 de junio de 1999

I

El 6 de junio de 1997, el Ministerio Público presentó una denuncia contra el Sr. Elvin Candelaria Vargas por alegada posesión de cocaína, en violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio 1971, según enmendada, 24 L.P.R.A. sec. 2101 y ss.

El 15 de septiembre de 1997 se celebró la vista preliminar en la Sala de Distrito, Subsección del Tribunal de Primera Instancia, Región Judicial de Aguadilla. Se determinó que no existía causa probable para acusar al señor Candelaria Vargas. El Ministerio Público solicitó la celebración

de una vista preliminar en alzada, la cual se señaló para el 8 de octubre de 1997. Posteriormente, el caso se transfirió a otra sala y la vista se reseñaló para el 10 de octubre de 1997.

El día de la vista, la representación legal del señor Candelaria Vargas, de la Sociedad para Asistencia Legal, no compareció. En su lugar, otra abogada de la referida institución solicitó la suspensión. El señor Candelaria Vargas procedió a renunciar a su derecho a juicio rápido para que la vista preliminar pudiera ser celebrada en una fecha posterior al vencimiento del término provisto por ley. Cabe señalar, que la prueba de cargo tampoco estaba disponible para la audiencia pautada. Ante dichas circunstancias, ésta se suspendió y se señaló para el viernes 28 de noviembre de 1997, día que, como regla general, es hábil y de trabajo en nuestros tribunales.

El 28 de noviembre no se pudo celebrar la vista preliminar según pautada, ya que el Juez Presidente del Tribunal, Hon. José A. Andréu García, le concedió el día libre a los empleados de la Rama Judicial.[1] De los autos surge, que cuando se concedió libre el 25 de noviembre, el Juez Administrador de la Región Judicial de Aguadilla estaba de vacaciones. No obstante, por equivocación los expedientes de los casos programados para ese viernes 28 de noviembre se enviaron a su oficina para señalamiento ulterior, en lugar de remitirlos a la oficina del Juez Administrador interino o a la Secretaría del Tribunal. En consecuencia, el nuevo señalamiento de la vista preliminar del señor Candelaria Vargas quedó pendiente. El 14 de enero de 1998 el tribunal le notificó a la representación legal del señor Candelaria Vargas que la vista preliminar en alzada se celebraría el 16 de enero. El día pautado, éste solicitó la desestimación de la denuncia presentada en su contra al amparo de la Regla 64(n)(6) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[2] Fundamentó su

---

[1] El 27 de noviembre fue día festivo, el Día de Acción de Gracias.

[2] La Regla 64 dispone, en lo pertinente, lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
> (a)...
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la

solicitud en la omisión de celebrar la vista preliminar en alzada dentro del término de sesenta (60) días a partir de la determinación de inexistencia de causa probable. El foro de instancia determinó que la primera suspensión, es decir, la de 10 de octubre de 1997, fue solicitada tanto por la defensa como por el Ministerio Público. La segunda, por su parte, obedeció a una determinación administrativa. En consecuencia, el tribunal razonó que hubo causa justificada para la demora en la celebración de la vista preliminar y denegó la solicitud de desestimación.

Inconforme, el señor Candelaria Vargas recurrió ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Aguadilla y Mayagüez (en adelante, Tribunal de Circuito) el cual revocó la determinación de instancia.[3] Oportunamente, el Procurador General compareció ante nosotros e hizo los siguientes señalamientos de error:

> A. Erró el Tribunal de Circuito de Apelaciones al determinar que no hubo justa causa para ampliar el término de sesenta (60) días para celebrar la vista preliminar en alzada.

> B. Erró el Tribunal de Circuito de Apelaciones al determinar que el recurrido Candelaria no renunció a su derecho a juicio rápido.

II

Por estar íntimamente relacionados, discutiremos los señalamientos de error conjuntamente.

La Constitución del Estado Libre Asociado de Puerto Rico garantiza el derecho de todo imputado de delito a un juicio rápido. Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico.[4] Véanse, además, Pueblo v. Rivera Santiago, 126 D.P.R. 810 (1990); Pueblo v. Rivera Tirado,

---

demora, o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
    (1)...
    (6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse.
[3] El señor Candelaria Vargas le imputó al foro de instancia haber incurrido en el siguiente error:

    Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la solicitud para la desestimación de la vista preliminar en alzada por haber excedido el término de sesenta días, sin que el Ministerio Público realizara diligencia alguna para cumplir con el referido término.
[4] El Art. II, Sec. 11 de la Constitución dispone, en lo pertinente:

117 D.P.R. 419 (1986); Pueblo v. Opio Opio, 104 D.P.R. 165 (1975).  La Regla 64(n) de Procedimiento Criminal permite que un imputado solicite la desestimación de una denuncia o acusación presentada en su contra cuando se infringe este derecho fundamental.[5]

El derecho a juicio rápido cobra vigencia desde que una persona está detenida o sujeta a responder, es decir, luego de que se "pone[...] en movimiento ...el mecanismo procesal que podría culminar en una convicción... y tenga el efecto legal de obligar a esa persona a responder por la comisión de un delito público".  Pueblo v. Miró, res. el 30 de junio de 1993, 133 D.P.R.___ (1993), 93 J.T.S. 115, pág. 10971.

En Pueblo v. Opio Opio, supra, expresamos que el derecho a juicio rápido no se limita al acto del juicio, sino que "se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito".  Por tal razón, también aplica a la celebración de la vista preliminar y de la vista preliminar en alzada.  Pueblo v. Félix Avilés, 128 D.P.R. 468 (1991); Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987).  La vista preliminar debe celebrarse en un término de sesenta (60) días, contados a partir del arresto o citación.  La vista preliminar en alzada debe realizarse dentro de los sesenta (60) días a partir de la determinación de inexistencia de causa probable o la determinación de causa probable por un delito inferior al imputado.  Véase Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; Pueblo v. Vélez Castro, 105 D.P.R. 246 (1976); Pueblo v. Félix Avilés, supra.

A pesar de su carácter fundamental, el derecho a juicio rápido no es absoluto.  Por el contrario, hemos resuelto que el mismo "evade la tiesa aritmética de la regla".  Pueblo v. Rivera Colón, supra, pág. 323.  La evaluación de si se ha infringido no depende exclusivamente de que el juicio, la vista preliminar o la vista preliminar en alzada se realicen dentro de los términos provistos por ley.  Deben considerarse las circunstancias particulares del caso en el cual se reclama su infracción.  Como bien señalamos en Pueblo v. Rivera Tirado, supra, pág. 433:

En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público.

[5] Véase, nota al calce Núm. 2

la pesquisa de si infringió o no ese derecho, no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. El enfoque es más bien de tipo pragmático y responde a la naturaleza inherente del derecho a juicio rápido. Es relativo no absoluto. Juicio rápido no es un concepto inconsistente con cierta tardanza, pero la demora no debe ser intencional ni opresiva. Pueblo v. Ramos Alvarez, 118 D.P.R.782,791 (1987).

A tenor con dichos pronunciamientos, hemos resuelto que el término de sesenta (60) días dispuesto para la celebración de la vista preliminar en alzada puede ampliarse, ya que no es rígido ni inflexible. Pueblo v. González Rivera, 132 D.P.R. 517, 520 (1993). En otras palabras, la inobservancia del término, por sí sola, no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación.

Nuestra jurisprudencia dispone la manera de evaluar si ha se violado el derecho a juicio rápido en distintas etapas del procedimiento penal. Por ejemplo, en Pueblo v. Rivera Tirado, supra, pág. 435, indicamos que, ante una alegación de infracción al derecho a juicio rápido durante el transcurso de una vista en su fondo, deben evaluarse los siguientes criterios esenciales: (i) la duración de la tardanza; (ii) razones para la dilación; (iii) si el acusado invocó su derecho oportunamente y, por último, (iv) el perjuicio ocasionado por la tardanza.

Señalamos, además, que las tardanzas institucionales, entre éstas, la enfermedad de un juez, receso por vacaciones del tribunal y la congestión en el calendario, son imputables al Estado. Ante una dilación excesiva y un reclamo del imputado, el Ministerio Fiscal debe probar la existencia de justa causa y el tribunal evaluará cuidadosamente el motivo institucional alegado. No obstante, las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada, serán evaluadas con menos rigurosidad que las intencionales. Pueblo v. Rivera Tirado, supra, pág. 169

En Jiménez Román v. Tribunal Superior, 98 D.P.R. 874, 883 (1970) resolvimos específicamente que la congestión del calendario del tribunal, por sí sola, no constituye justa causa para la demora en la celebración de un juicio. Además, citamos con aprobación Pueblo v. Nigaglioni, 28 D.P.R.

232 (1920), en el cual se indicó que el hecho de que un tribunal se encuentre de vacaciones no es suficiente, si no median otros factores, para excederse del término provisto por ley para celebrar una vista en su fondo.

Ante un reclamo de infracción al derecho a juicio rápido, fundamentado en la demora en la celebración de la vista preliminar o de la vista preliminar en alzada, debe analizarse si existía una causa justificada para la tardanza y si ésta obedeció a una solicitud del imputado o a su consentimiento. Pueblo v. Rivera Arroyo, supra. Como bien señala el Profesor Chiesa:

> Pero no basta una dilación mayor de [sesenta] 60 días para que proceda la desestimación de la acusación o la revocación de una convicción. Debe utilizarse el método de balance de factores, con especial énfasis en cuál fue la causa de la demora y si hubo consentimiento del acusado para la dilación. Debe también considerarse el perjuicio sufrido por el imputado con la dilación y cuán prolongada fue la dilación. E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, T. II, pág. 169.

Es menester señalar que las *demoras intencionales y opresivas* no constituyen justa causa para la inobservancia del término de sesenta (60) días para la celebración de la vista preliminar en alzada. (Énfasis suplido.) Pueblo v. Rivera Colón, supra, pág. 322; Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173, 178 (1976). Tampoco constituye causa justificada el no citar a tiempo para la vista preliminar a una persona imputada de delito, debido a que el Estado ignora que se encuentra recluida en una institución penal. Pueblo v. Rivera Arroyo, supra.

Tomando en cuenta los pronunciamientos anteriormente esbozados, dispondremos de la controversia ante nuestra consideración.

III

No cabe duda de que la primera suspensión de la vista preliminar en alzada, señalada para el 10 de octubre de 1997, fue consentida por el señor Candelaria Vargas. Este renunció a su derecho a juicio rápido para que la vista se pudiese celebrar el 28 de noviembre de 1998, fecha posterior al término de sesenta (60) días. Sin embargo, ésta no fue celebrada según programada porque el Juez Presidente del Tribunal Supremo, dentro de sus facultades constitucionales como administrador de los tribunales, le

concedió el día libre a los empleados de la Rama Judicial. Art. V, Sec. 7, Constitución del Estado Libre Asociado de Puerto Rico.[6]

El memorando mediante el cual se concedió el día libre, emitido el 25 de noviembre de 1997 por la Oficina de Administración de los Tribunales, dispuso en lo aquí pertinente, lo siguiente:

> El Hon. José A. Andréu García, Juez Presidente del Tribunal Supremo, se une a la autorización que hiciera la Sra. Norma Burgos, Gobernadora Interina, concediendo libre el viernes, 28 de noviembre de 1997 con cargo al balance de licencia de vacaciones a los empleados de la Rama Judicial. El propósito es que puedan pasar un fin de semana largo junto a su familia.
> Como de costumbre, deberán tomarse todas las medidas necesarias para asegurar la atención y trámite de aquellos asuntos que por su naturaleza sean improrrogables. <u>Los Jueces Administradores deberán evaluar aquellos casos señalados para ese día. Los que prescriban, los que por su naturaleza sean indispensables atender y aquellos cuya suspensión pueda causar perjuicio a las partes deberán continuar su curso normal.</u> [7]
> (Enfasis nuestro.)

Del lenguaje del memorando se desprende con meridiana claridad que éste no tuvo el efecto, *per se*, de suspender todas las labores de la Rama Judicial y de tornar el día 28 de noviembre de 1997 en uno inhábil, equiparable a un día festivo o a los fines de semana. Por el contrario, en el memorando se reconoce la posibilidad de que existiesen algunos casos que por su naturaleza o urgencia debían continuar <u>su curso normal.</u> Por esa razón se le ordenó de forma expresa y precisa a los Jueces Administradores que evaluaran los casos programados para ese día, de manera que pudiesen determinar cuáles era indispensable atender. Obviamente, los Jueces Administradores tenían la responsabilidad de reseñalar con prontitud aún

---

[6] El Art. V, Sec. 7 de la Constitución del E.L.A. dispone:

> El Tribunal Supremo adoptará reglas para la administración de los tribunales las que estarán sujetas a las leyes relativas a suministros, personal, asignación y fiscalización de fondos, y a otras leyes aplicables en general al gobierno. El Juez Presidente dirigirá la administración de los tribunales y nombrará un director administrativo, quien desempeñará su cargo a discreción de dicho magistrado.

[7] Tratamos sin éxito de conseguir la orden ejecutiva o el memorando mediante el cual la Gobernadora interina concedió libre el día 28 de noviembre de 1997 a los empleados gubernamentales. Para efectos de nuestra discusión, sólo haremos referencia al memorando emitido por la Oficina de Administración de los Tribunales, que es el aplicable a los empleados de la Rama Judicial.

aquellos casos que no fuesen improrrogables ni urgentes, de manera que no se perjudicasen los derechos de las partes.

La alegación primordial del señor Candelaria Vargas es, precisamente, que tras la suspensión de la vista preliminar el 28 de noviembre, el Ministerio Público no realizó trámite alguno para lograr que el señalamiento ulterior se hiciera con prontitud. Según ya expresáramos, el nuevo señalamiento no se realizó con la debida diligencia debido a una equivocación de la Administración del foro de instancia. Por lo tanto, nos encontramos ante una demora institucional imputable al Estado.

No obstante, al considerar la totalidad de las circunstancias del caso ante nuestra consideración surge que esta no fue intencional ni tuvo el propósito de perjudicar al señor Candelaria Vargas. Este tampoco ha alegado que la dilación le haya causado o le habrá de causar perjuicio alguno. Además, la tardanza no se prolongó excesivamente. Concluimos por lo tanto, que no se violó el derecho a juicio rápido del señor Candelaria Vargas y que no procedía la desestimación de la denuncia presentada contra éste.

Ahora bien, les recordamos a los Jueces Administradores de las distintas regiones judiciales, que ante la concesión de un día libre por el Juez Presidente, tienen la responsabilidad de evaluar los casos señalados para ese día y tomar las providencias necesarias para disponer debidamente de los que por su naturaleza sea indispensable atender y de aquéllos cuya suspensión pueda causar perjuicio a las partes. También deben asumir las medidas pertinentes para que todos los casos pautados sean reseñalados con premura y diligencia. En relación con el derecho a juicio rápido es preciso recordar que éste:

> [g]arantiza a las personas acusadas de delito que las vistas de sus causas no se dilatarán bien sea por el interés del Estado en mantener una acusación pendiente sobre la cabeza del acusado o por la desidia de los funcionarios encargados de impartir justicia. Jiménez Román v. Tribunal Superior, supra, pág. 876.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Peticionario

      v.                          CC-98-584

Elvin Candelaria Vargas

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 18 de junio de 1999

Por los fundamentos en la Per Curiam que antecede, se dicta sentencia mediante la cual se revoca la dictada por el Tribunal de Circuito de Apelaciones, Región Judicial de Aguadilla y Mayagüez el 29 de mayo de 1998. Se devuelve el caso al foro de instancia para que continúe con los procedimientos de forma compatible con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre con el resultado sin opinión escrita. Los Jueces Asociados señores Hernández Denton y Fuster Berlingeri disienten sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo