Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>EDSON RIVERA RIVERA<br><br>Peticionario | KLCE202300723 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso núm.: ISCR202300260-261<br><br>Sobre: Art. 15 Ley 8 y otros |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Figueroa Cabán, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece el señor Edson Rivera Rivera, en adelante el Sr. Rivera o el peticionario, y solicita la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Superior de Mayagüez, en adelante TPI. Mediante la misma, se declaró no ha lugar una solicitud de desestimación bajo la Regla 64(n)(2) de Procedimiento Criminal. 34 LPRA, Ap. II, R. 64(n)(2).

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari* solicitado.

**-I-**

Surge del expediente que el Sr. Rivera presentó una *Moción de Desestimación bajo la Regla 64(n)(2) de Procedimiento Criminal*, *supra*. Solicitó, en síntesis, la desestimación de unas acusaciones al amparo del Artículo 15 de la Ley 8, Ley para la Protección de Propiedad

Número Identificador

RES2023_____

Vehicular, 9 LPRA, sec. 3214 y del Artículo 245 del Código Penal, 33 LPRA, sec. 5335 por infringir su derecho a juicio rápido.

Así las cosas, el TPI declaró no ha lugar la moción de desestimación. Resolvió:

> Luego de evaluar los planteamientos esbozados por las partes a la luz del derecho vigente, corresponde a este Tribunal evaluar la dilación en el presente caso a la luz de los criterios establecidos en la Regla 64(n) de las de Procedimiento Criminal, y de la totalidad de las circunstancias. En primera instancia, cabe resaltar que … al evaluar las razones para la demora en el presente caso es forzoso concluir que, aunque la misma es atribuible al Estado, ciertamente no lo es directamente al Ministerio Público. Además, en cuanto al perjuicio sufrido por el acusado, es meritorio resaltar que -según la información que se proveyó en corte abierta por parte del Ministerio Público- aunque el acusado se encuentra sumariado por los delitos que nos ocupan, lo cierto es que también se encuentra sumariado por otros delitos de menor antigüedad.

Por entender que erró el TPI en su determinación, el peticionario presentó uno *Petición de Certiorari* en la que alega que el TPI incurrió en el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA MOCIÓN DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64(N) DE PROCEDIMIENTO CRIMINAL, A PESAR QUE EL MINISTERIO PÚBLICO PRESENTÓ LAS ACUSACIONES FUERA DEL TÉRMINO DISPUESTO PARA ELLO, VIOLENTÁNDOSE DE ESA FORMA EL DERECHO A JUICIO RÁPIDO QUE COBIJA A NUESTRO REPRESENTADO.

Este Tribunal puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, ello "con el propósito de lograr su más justo y eficiente despacho…", conforme permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones.[1] En consideración a lo anterior, eximimos a la parte recurrida de la presentación de su alegato en oposición a la expedición del auto de *certiorari*.

---

[1] 4 LPRA Ap. XXII-B, R. 7(B)(5).

Examinados el recurso de certiorari y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[2] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[3]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[2] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[3] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

**B.**

En lo pertinente, la Regla 64(n)(2) de Procedimiento Criminal, *supra*, dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos:
>
> …
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> > (1) …
> > (2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación si se encontraba bajo fianza o dentro de los treinta (30) días si se encontraba sumariado o si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

**-C-**

La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico garantiza a toda persona acusada de un delito el derecho a un juicio rápido.[5] Este derecho se activa en el momento en que la persona ha quedado sujeta a responder ("held to answer").[6]

---

[4] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[5] Art. II, Const. ELA, 1 LPRA sec. 11; *Pueblo v. Guzmán*, 161 DPR 137, 152 (2004); *Pueblo v. Rivera Tirado*, 117 DPR 419, 430 (1986); *Pueblo v. Rivera Colón*, 119 DPR 315, 322 (1985).
[6] *Pueblo v. Carrión*, 159 DPR 633, 640 (2003).

Ahora bien, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha establecido que a pesar de su carácter fundamental, el derecho a juicio rápido no es absoluto. Así pues, la mera inobservancia de los términos establecidos en la regla 64(n), por sí sola, no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación.[7] Se impone, más bien, una ponderación de las circunstancias particulares de cada caso:[8]

> La pesquisa de si se infringió o no [el derecho a juicio rápido de un acusado] no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. El enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva.[9]

Al adjudicar una controversia sobre el derecho a juicio rápido, el Tribunal debe tomar en consideración los siguientes factores, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho; y (4) el perjuicio resultante de la tardanza.[10] Asimismo, debe ponderar si existió causa justificada para la tardanza y si esta obedeció a una solicitud del imputado o fue consentida por él.[11] En fin, la determinación de lo que constituye justa causa responde a la totalidad de las circunstancias.[12]

Por otro lado, las demoras intencionales y opresivas no constituyen justa causa para la

---

[7] *Pueblo v. Candelaria*, 148 DPR 591, 597-598 (1999).
[8] *Id.*; *Pueblo v. Santa-Cruz*, 149 DPR 223, 239-240 (1999).
[9] *Pueblo v. Rivera Tirado*, *supra*, pág. 433.
[10] *Pueblo v. García Colón I*, 182 DPR 129, 143 (2011); *Pueblo v. Carrión*, *supra*, pág. 641.
[11] *Pueblo v. Váldes et al.*, 155 DPR 781, 791 (2001).
[12] *Pueblo v. Santa-Cruz*, *supra*, pág. 240.

inobservancia del término.[13] En cambio, "las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada", son evaluadas con menos rigurosidad que las intencionales.[14]

En cuanto al perjuicio que la dilación le pudo ocasionar al imputado, el TSPR ha sostenido que aquel no tiene que demostrar un estado de total indefensión. Solo tiene que probar que ha sufrido perjuicio, es decir:[15]

> [C]orresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades. Esto es distinto a las razones o justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno.

En fin, el perjuicio sufrido por el acusado con la dilación tiene que ser específico: "No puede ser abstracto ni apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial".[16]

## -III-

En síntesis, el peticionario alega que erró el TPI al declarar no ha lugar la solicitud de desestimación de las acusaciones por violación a su derecho a juicio rápido. Arguye, que las acusaciones se presentaron tardíamente, es decir, 28 días después del término requerido para hacerlo; que el Ministerio Público no fue diligente en la tramitación del caso, específicamente, no presentó ni juramentó las acusaciones a tiempo; que invocó oportunamente su derecho a juicio rápido; y que sufrió los perjuicios derivados de hallarse encarcelado indebidamente.

---

[13] *Pueblo v. Candelaria*, *supra*, pág. 599.
[14] *Id.*; *Pueblo v. Valdés et al.*, *supra*, pág. 796.
[15] *Pueblo v. Valdés et al., supra,* pág. 792.
[16] *Id.*, pág. 792, citando a *Pueblo v. Rivera Tirado*, *supra*, pág. 438 y las expresiones del Prof. Ernesto L. Chiesa en su obra *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 153.

Luego de revisar atentamente el expediente, determinamos que no existe ninguna circunstancia, al amparo de la Regla 40 de nuestro Reglamento, que justifique la expedición del auto.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Rodríguez Flores concurre sin expresiones escritas.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones