Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>NORBERTO POLO CALDERÍN<br><br>Recurrido<br><br>_____<br><br>EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>NORBERTO POLO MARTÍNEZ<br><br>Recurrido | KLCE202300845 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Por:<br>Tent. Art. 95 CP, Art. 249 CP, Art. 6.14 LA<br><br>Casos Números:<br>E VI2023G0001, E OP2023G0003, E LA2023G0002<br><br>_____<br><br>*Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Por:<br>Art. 6.05 LA<br><br>Caso Número:<br>E LA2023G0003 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

El peticionario, el Pueblo de Puerto Rico, por conducto del Procurador General, comparece ante nos para que dejemos sin efecto las determinaciones emitidas y notificadas por el Tribunal de Primera Instancia, Sala de Caguas, el 16 de junio de 2023. Mediante las mismas, el foro primario declaró ha lugar una solicitud de desestimación respecto a los cargos imputados en contra de los aquí recurridos, Norberto Polo Calderín[1] y Norberto Polo Martínez[2], ello

---

[1] Criminal Núm. E V2023G0001; E OP2023G0003 y; E LA2023G0002.
[2] Criminal Núm. E LA2023G0003.

Número Identificador

SEN2023 _____

al amparo de lo dispuesto en la Regla 64 (n)(4) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (n)(4).

Por los fundamentos que anteceden, se expide el auto solicitado y se revoca la *Resolución* recurrida.

**I**

Por hechos ocurridos el 30 de agosto de 2022, el Ministerio Público presentó tres (3) denuncias en contra del recurrido Polo Calderín, por infracción a las siguientes disposiciones de ley: 1) Artículo 6.14 de la Ley de Armas de Puerto Rico de 2020, Ley 168-2019, 25 LPRA sec. 466m, que tipifica el delito de disparar o apuntar armas de fuego; 2) Artículo 249 (c) del Código Penal de Puerto Rico de 2012, Ley 146-2012, 33 LPRA sec. 5339, sobre riesgo a la seguridad u orden público al disparar un arma de fuego, y; 3) Artículo 93 del Código Penal, *supra,* 33 LPRA sec. 5142, por el delito de asesinato en primer grado, ello en su grado de tentativa. Por su parte, respecto al recurrido Polo Martínez, se radicó una denuncia por violación al Artículo 6.05 de la Ley de Armas, *supra,* 25 LPRA sec. 466d, que tipifica el delito de portación, transportación o uso de armas de fuego sin licencia.

Tras los procesos de rigor, y luego de celebrada la vista preliminar, el 20 de enero de 2023, el Tribunal de Primera Instancia determinó que existía causa probable para acusar al recurrido Polo Calderín por la tentativa del Artículo 95 del Código Penal, *supra,* sobre *asesinato atenuado,* 33 LPRA sec. 5144, así como por la infracción al Artículo 249 (c) del Código Penal, *supra* y al Artículo 6.14 B de la Ley de Armas, *supra.* En cuanto al recurrido Polo Martínez, se emitió una determinación de causa probable para acusar por infracción al Artículo 6.05 de la Ley de Armas, *supra.* Como resultado de lo anterior, el 24 de enero de 2023, el Ministerio Público presentó los correspondientes pliegos acusatorios.

Así las cosas, el 3 de febrero de 2023, se llevó a cabo el acto de la lectura de las acusaciones. De la *Minuta* pertinente surge que la celebración del juicio quedó señalada para el 1 de marzo de 2023. Igualmente, también se desprende que el Tribunal de Primera Instancia entregó a los recurridos copia de sus respectivas acusaciones, les extendió un término de cinco (5) días para que formularan su alegación y les advirtió que debían someter cualquier escrito procedente en derecho, "incluyendo la solicitud de Juicio por Jurado"[3].

Llegado el 1 de marzo de 2023, día señalado para la celebración del juicio en su fondo, el Ministerio Público informó al tribunal no estar preparado para dar curso a los procedimientos, toda vez la ausencia de varios de sus testigos. Por su parte, conforme se hizo constar en la *Minuta* correspondiente, el representante legal del recurrido Polo Martínez, el licenciado Eduardo González De León, se comunicó con el tribunal para notificar su indisponibilidad para comparecer por razón de enfermedad. En consecuencia, el Tribunal de Primera Instancia señaló la celebración de una vista sobre el estado de los procedimientos para el 10 de abril de 2023.

Así las cosas, el 27 de marzo de 2023, los peticionarios Polo Calderín y Polo Martínez, de manera independiente, presentaron unos pliegos intitulados *Moción Solicitando Renuncia de Representación Legal*. En esencia, ambos expusieron la existencia de "diferencias irreconciliables e insalvables que ha[cían] inexistente la relación abogado-cliente"[4] con sus respectivos abogados. En los referidos pliegos se hizo constar que los peticionarios fueron instruidos sobre la importancia de procurar una nueva

---

[3] Véase: Apéndice, Anejo XI, *Minuta* del 3 de febrero de 2023, pág. 024.
[4] Véase: Apéndice, Anejos: XIII y XIV, *Moción Solicitando Renuncia de Representación Legal,* págs. 026 y 028.

representación, así como de comparecer a la vista señalada para el 10 de abril de 2023.

Tal cual pautado, el 10 de abril de 2023, se dio inicio a la celebración de la vista sobre el estado de los procedimientos. Según surge de la *Minuta* correspondiente, los abogados de los peticionarios notificaron al tribunal su determinación de desistir de la solicitud de renuncia a la representación legal previamente sometida. No obstante ello, el Tribunal de Primera Instancia hizo constar que el referido requerimiento había sido denegado. Por su parte, a tenor con la *Minuta,* el tribunal expuso que el Ministerio Público expresó al tribunal que, tras examinar su sumario, indicó que no estaba añadida la prueba de balística del Instituto de Ciencias Forenses. Sin embargo, destacamos que, de conformidad con la regrabación de los procedimientos, la aseveración que hizo el Ministerio Público al respecto fue que en el presente caso no se presentaría prueba de balística ni de patología. Igualmente, conforme establecido en récord del proceso, el Ministerio Público notificó que la parte perjudicada en el caso no estaba presente, dado al fallecimiento de su señor padre.

De igual forma, de la *Minuta* y de la regrabación de la vista del 10 de abril de 2023, surge que la defensa solicitó "de 5 a 10 días para informar si el caso [habría de verse] por Tribunal de Derecho o por Jurado"[5]. De este modo, el Tribunal de Primera Instancia nuevamente señaló la celebración de una vista sobre el estado de los procedimientos para el 26 de abril de 2023, a los efectos de que, de conformidad con lo consignado por el tribunal en la regrabación pertinente y en la *Minuta,* los recurridos informaran su determinación sobre cómo habría de celebrarse el juicio pendiente.

---

[5] Véase: Apéndice, Anejo XV: *Minuta,* vista del 10 de abril de 2023, pág. 030.

Iniciada la vista sobre el estado de los procedimientos en el día pautado, los peticionarios informaron su determinación de que el juicio en su contra se celebrara por tribunal de derecho. Conforme surge de la *Minuta*, el Ministerio Público aclaró en sala que la ausencia del perjudicado en la audiencia anterior se produjo por razón de una situación familiar. De igual forma, se dispuso que uno de los testigos de cargo no estaba presente. De este modo, el Tribunal de Primera Instancia, por segunda ocasión, señaló la celebración del juicio en su fondo, esta vez para el 5 de junio de 2023.

Llegado el 5 de junio de 2023, se iniciaron los procedimientos inherentes al juicio. A tenor con el contenido de la *Minuta* pertinente, una vez llamado el caso, los acusados no habían comparecido. En cuanto al recurrido Polo Martínez, su representación legal informó que su incomparecencia obedeció a inconvenientes relacionados a los trámites en el Programa de Servicios con Antelación al Juicio (PSAJ), a los fines de procurar el permiso correspondiente. Con relación al recurrido Polo Martínez, también se estableció que su representante legal, el licenciado González De León, tampoco estaba presente en la vista toda vez que, pese a que la misma había sido debidamente pautada para horas de la mañana, se encontraba atendiendo otros casos en procesos independientes al de autos. Por su parte, de la *Minuta* y de la regrabación del proceso se desprende que, por parte de la prueba de cargo, estaban presentes en sala dos (2) de los testigos anunciados, mas no así el perjudicado. Ante este cuadro fáctico, el Tribunal de Primera Instancia concedió un turno posterior para iniciar el proceso.

Tras nuevamente llamarse el caso para dar inicio al juicio pendiente, ambos recurridos figuraron representados por sus respectivos abogados. En cuanto al Ministerio Público, se estableció que, a pesar de la ausencia de la parte perjudicada, indicó estar

hábil para comenzar el desfile de prueba con los dos (2) testigos de cargo presentes en sala. Ante ello, el tribunal advirtió que, de proceder de conformidad y de culminarse el desfile de prueba ese mismo día, el caso habría de entenderse por sometido, ello de conformidad con el estado de derecho vigente. Ahora bien, según surge de la *Minuta* y de la regrabación de los procedimientos, la defensa argumentó la procedencia de la desestimación de los cargos imputados, ello bajo el fundamento de incumplimiento con los términos de juicio rápido. En específico, planteó que las acusaciones se habían radicado el 24 de enero de 2023, por lo que, a partir de dicha fecha, ya habían transcurrido 133 días sin que se hubiera celebrado el juicio. A su vez, expuso que la parte perjudicada en el caso no había comparecido a los procedimientos.

El Ministerio Público replicó al referido argumento, ello al sostener que la defensa estaba impedida de levantar el mismo, toda vez que nunca estuvo preparada para iniciar el juicio. A fin de validar su afirmación, el Ministerio Público aludió a la previa solicitud de renuncia de representación legal de los recurridos, así como al hecho de que, en atención a una solicitud por éstos propuesta, el tribunal señaló la celebración de una vista sobre el estado de los procedimientos, para que la defensa informara cómo habría de celebrarse el juicio en su fondo, si por tribunal de derecho o por jurado. Al abundar, el Ministerio Público expresó que las anteriores incidencias constituían una renuncia implícita a los términos procesales en disputa. A su vez, sostuvo que, en ausencia de una expresa afirmación por parte de los recurridos en cuanto a estar listos para celebrar el juicio, estaban impedidos de oponer la defensa de desestimación en controversia. En réplica a los referidos argumentos, la defensa de los recurridos se reafirmó en siempre haber estado preparada para iniciar la celebración del juicio.

Surge de la regrabación del juicio que el tribunal se remitió al récord de los procedimientos acontecidos. Por igual, se desprende que el Ministerio Público no solo se reafirmó en la falta de preparación de la defensa para ver el juicio, sino que, a su vez, cuestionó la falta de citación formal por el Tribunal de sus testigos. Sobre este particular, la defensa expuso que la ausencia de los testigos de cargo, particularmente de la parte perjudicada en el caso, evidenciaba que era el Ministerio Público quien no estaba listo para la celebración del juicio, por lo que reprodujo sus argumentos de desestimación de los cargos en controversia. Ante ello, el Ministerio Público aludió específicamente a las incidencias particulares acontecidas el 10 de abril y el 26 de abril de 2023, ello para validar su contención en cuanto a que, en las referidas fechas, la defensa de los recurridos no estaba preparada para ver el juicio en su fondo.

Se desprende que, ante una solicitud del Ministerio Público, el tribunal permitió la presentación del testimonio del agente Jesús Rodríguez Colón. En esencia, declaró sobre sus gestiones infructuosas para procurar la comparecencia de la parte perjudicada en el juicio.

Por su parte, al continuar con los procesos, el Juzgador aclaró que la parte perjudicada nunca había comparecido a los procedimientos. Ahora bien, ante los planteamientos de las partes sobre la procedencia de la desestimación de las acusaciones, el Juez, extendió un término de diez (10) días a estas para exponer por escrito sus respectivos argumentos. Finalmente, surge de la *Minuta* y de la regrabación de los procedimientos del 5 de junio de 2023, que el Tribunal de Primera Instancia señaló la celebración tentativa del juicio en su fondo para el 14 de julio de 2023, ello de no prosperar el reclamo al amparo de la Regla 64(n)(4) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(4).

Así las cosas, y en ausencia de una argumentación escrita por parte de los recurridos, el 8 de junio de 2023, el Ministerio Público presentó su *Oposición a Desestimación bajo la Regla 64 N 4.* En el pliego, esbozó los criterios doctrinales establecidos por el ordenamiento jurídico para disponer de una alegación sobre violación al derecho a juicio rápido, conforme lo estatuido en la Regla 64(n)(4) de Procedimiento Criminal, *supra.* En particular, planteó que, a tenor con la norma pertinente, ante tal reclamo, el Ministerio Público está llamado a demostrar la existencia de una causa justificada para la demora de la ejecución de los términos provistos en el estatuto, la existencia de una renuncia expresa y voluntaria del derecho por parte del imputado, o que este haya sido el causante de la tardanza aducida. A ello añadió que, a fin de determinar si se transgredió el derecho a juicio rápido, los tribunales vienen en la obligación de considerar conjuntamente la duración y razones de la tardanza, así como la invocación oportuna del derecho del acusado y el perjuicio resultante, si alguno.

Al amparo del anterior raciocinio, el Ministerio Público indicó que, si bien, en un estricto cómputo matemático, desde el 24 de enero de 2023, fecha en la que se presentaron los pliegos acusatorios en disputa, hasta el 5 de junio de 2023, día en el que se dio inicio al juicio en contra de los recurridos, habían transcurrido más de los 120 días dispuestos por ley para celebrar el mismo, el trámite de los procesos justificaba la extensión del plazo en cuestión. Al explicarse, indicó que, tras la suspensión del primer señalamiento de juicio, el tribunal ordenó la celebración de dos (2) vistas sobre el estado de los procedimientos, efectuadas el 10 y el 26 de abril del año corriente, ello para dilucidar asuntos específicamente invocados por la defensa. Al respecto, afirmó que no podía considerarse que, al momento de celebradas las vistas de referencia, la defensa de los recurridos estaba preparada para ver el juicio, toda vez que, en una

de ellas se dilucidó un asunto relacionado a una moción de renuncia de representación legal y, en otra, en respuesta a una petición de la defensa, la notificación formal de los recurridos en cuanto a cómo habría celebrarse el juicio en su contra. Así, el Ministerio Público se reafirmó en que fue la defensa de los recurridos, dados sus requerimientos, quien propició la tardanza de trece (13) días en controversia. De esta forma, y tras añadir que la defensa de los recurridos no había argumentado la existencia de un daño real o sustancial, el Ministerio Público solicitó al Tribunal de Primera Instancia que denegara la desestimación peticionada al amparo de la Regla 64(n)(4) de Procedimiento Criminal, *supra*, y proveyera para la continuación de los procedimientos.

El 16 de junio de 2023, el Tribunal de Primera Instancia notificó los dictámenes aquí recurridos. Mediante estos, resolvió que, del tracto del caso de autos, surgía que la prueba del Ministerio Público nunca estuvo completa a los fines de poder dar inicio al juicio correspondiente. Por igual, determinó que no existía justa causa para el incumplimiento con los términos de juicio rápido y que los recurridos plantearon de manera oportuna su reclamo de violación al derecho a un juicio rápido. No obstante, de los pronunciamientos en controversia surge que el Tribunal de Primera Instancia expresamente reconoció que "no sur[gían] de los autos argumentos suficientes para dar por cumplido el criterio de 'perjuicio sustancial resultante de la tardanza'."[6] Así, el foro primario desestimó las acusaciones presentadas y dejó sin efecto el señalamiento tentativo de juicio en su fondo según pautado.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 31 de julio de 2023, el peticionario compareció

---

[6] Véase Apéndice, Anejo XX1, *Sentencia,* a las págs. 062 y 072.

ante nos mediante el presente recurso de *certiorari.* En el mismo, expone lo siguiente:

> El Tribunal de Primera Instancia erró al desestimar prematuramente las acusaciones contra los señores Polo Martínez y Polo Calderín, pues el plazo de ciento veinte días comenzó a discurrir nuevamente a partir del 10 de abril de 2023, fecha en que los recurridos solicitaron término para determinar cómo se ventilaría el juicio.
>
> En la alternativa, abusó de su discreción el foro primario cuando, ante una demora de apenas 12 días, desestimó sin que los recurridos demostraran un perjuicio real y sin considerar el tiempo adicional que le tomó a la Defensa escoger cómo se atendería su caso.

Luego de examinar el expediente de autos, así como la regrabación de los procedimientos, procedemos a expresarnos.

**II**

La Sexta Enmienda de la Constitución de Estados Unidos y el Artículo II, Sección II de la Constitución de Puerto Rico, consagran el derecho a un juicio rápido. LPRA, Tomo 1; *Pueblo v. Martínez Hernández,* 208 DPR 872 (2022). La referida prerrogativa es una variable y flexible, que responde a un propósito dual: salvaguardar el orden público, a la vez que protege la libertad individual. *Pueblo v. Custodio Colón*, 192 DPR 567, 580 (2015), *Pueblo v. Carrión*, 159 DPR 633 (2003). Así, el derecho a juicio rápido garantiza los derechos del acusado en la medida en que procura protegerlo de una indebida y opresiva encarcelación antes del juicio, minimiza la ansiedad y preocupación que genera una acusación pública, y limita las posibilidades de que una dilación extensa menoscabe su capacidad para defenderse. *Pueblo v. García Vega*, 186 DPR 592 (2012); *Pueblo v. Carrión,* supra. Por su parte, el mismo no excluye la protección a los derechos de la justicia pública, puesto que pretende que se enjuicie con prontitud a quienes violentan la ley y trata de evitar que las demoras indebidas retrasen la efectiva gestión estatal de procesar toda conducta criminal. *Pueblo v. García Vega,* supra.

El derecho a un juicio rápido se activa desde que el imputado de delito es detenido o está sujeto a responder (*held to answer*). *Pueblo v. Carrión,* supra; *Pueblo v. García Vega,* supra. Se entiende que una persona está *sujeta a responder* cuando viene obligada a contestar una acusación o denuncia, o cuando está expuesta a ser convicta. *Íd.* En atención a tal principio, el alcance y ejecución del derecho a juicio rápido están específicamente determinados por las disposiciones de la Regla 64(n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n). En lo pertinente, el inciso (4) de la precitada disposición establece que el acusado que no fuese sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la denuncia o acusación, tiene derecho a solicitar la desestimación de la misma. Una desestimación por violación a los términos de juicio rápido acarrea la eliminación de los cargos en contra del acusado y, en consecuencia, concluye la acción penal. *Pueblo v. Martínez Hernández,* supra.

Ahora bien, la mera inobservancia del término, sin más, no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o acusación. *Pueblo v. Valdés et al.*, 155 DPR 781 (2001). La norma vigente sostiene que, tanto los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. *Pueblo v. García Vega,* supra; *Pueblo v. Valdés et al,* supra. Así, existen elementos de justa causa para la demora que concilian el derecho a juicio rápido con las circunstancias de cada caso, atemperándose, los derechos del acusado, con la administración práctica de la justicia. *Pueblo v. Rivera Colón*, 119 DPR 315 (1987). Lo anterior, toda vez que se reconoce que, si bien el derecho a juicio rápido es de carácter fundamental, el mismo no es absoluto. *Pueblo v. García Vega,* supra.

Para determinar si ha mediado una transgresión al derecho a juicio rápido conforme preceptuado en la Regla 64(n), de Procedimiento Criminal, *supra,* el ordenamiento jurídico impone a los tribunales examinar conjuntamente los siguientes criterios: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado reclamó o invocó oportunamente ese derecho; y (4) el perjuicio resultante de la tardanza. *Pueblo v. Custodio Colón,* 192 DPR 567 (2015); *Pueblo v. Candelaria,* 148 DPR 591 (1999); *Pueblo v. Ramos Álvarez,* 118 DPR 782 (1987). La duración de la tardanza o magnitud de la dilación se refiere a cuánto tiempo transcurrió a partir del vencimiento del término establecido en la Regla 64(n) de Procedimiento Criminal, *supra.* Si no se venció el término dispuesto, entonces no debe prevalecer un planteamiento de violación al derecho a juicio rápido. Por su parte, en cuanto al criterio del perjuicio sufrido se reconoce que, aunque no se tiene que demostrar un estado de indefensión, la alegación pertinente debe ser específica, no abstracta, ni fundada en un simple cómputo matemático. Así, debe tratarse de un perjuicio real y sustancial. *Pueblo v. Valdés et al,* supra.

Una vez el acusado reclama oportunamente una violación a los términos de juicio rápido, compete al Ministerio Público demostrar la existencia de justa causa para la demora. A su vez, ante el reclamo correspondiente, el Ministerio Público puede también establecer que el acusado fue el causante de la demora o que renunció a su derecho en forma expresa, voluntaria y con pleno conocimiento de causa. *Pueblo v. Santa Cruz,* 149 DPR 223 (1999). Ahora bien, para que el motivo de una demora constituya justa causa, debe estar enmarcado dentro de parámetros de razonabilidad. *Pueblo v. Rivera Colón,* supra. Una dilación mínima o la mera inobservancia del término no necesariamente resultan en una violación al derecho a juicio rápido. Tampoco conlleva la

desestimación de la denuncia o de la acusación, pues dicho remedio es extremo y debe considerarse después de haberse llevado a cabo un análisis circunstancial de los criterios antes mencionados. *Pueblo v. Candelaria*, 148 DPR 591 (1999); *Pueblo v. Santa Cruz*, supra.

**III**

En la presente causa, el peticionario sostiene que erró el Tribunal de Primera Instancia al desestimar las acusaciones presentadas en contra de los aquí recurridos, al aplicar los términos contenidos en la Regla 64(n) de Procedimiento Criminal, *supra.* En esencia, plantea que el foro primario debió haber considerado como la fecha desde la cual nuevamente comenzó a decursar el plazo de ciento veinte (120) días en disputa para celebrar un juicio, el momento desde el cual estos notificaron su determinación de ver el juicio por jurado. A su vez, el peticionario afirma que el tribunal primario abusó de su discreción al desestimar las acusaciones en disputa ante una demora de, apenas, trece (13) días, sin que se hubiera demostrado ante sí que los recurridos sufrieron algún perjuicio real. Habiendo examinado los referidos argumentos a la luz de los trámites acontecidos y del derecho aplicable a la disputa, expedimos el auto solicitado y revocamos las determinaciones recurridas.

Al entender sobre el contenido del expediente que nos ocupa, así como sobre las incidencias acontecidas durante el trámite en controversia, según constatadas en la regrabación de los procedimientos, no podemos sino concluir que el ejercicio adjudicativo impugnado, en efecto, es uno errado. Una cuidadosa consideración de las instancias procesales acontecidas desde que se presentaron los pliegos acusatorios en contra de los recurridos, hasta la fecha pautada para el inicio del juicio en disputa, permite entrever que, la dilación del término de juicio rápido advertida por

los recurridos no obedeció sólo a causas imputables al Ministerio Público. Veamos.

Luego de suspendido un primer señalamiento de juicio, el Tribunal de Primera Instancia calendarizó la celebración posterior de dos (2) vistas sobre el estado de los procedimientos. A tenor con las *Minutas* pertinentes y la regrabación de los procedimientos que tuvimos a nuestro haber examinar, surgen ciertas incidencias que claramente revelan acciones afirmativas atribuibles a los recurridos que afectaron la ejecución idónea del derecho a juicio rápido dentro del plazo de ley dispuesto. En específico, en la vista sobre el estado de los procedimientos celebrada el 10 de abril de 2023, la defensa de los recurridos expresamente solicitó que se le extendiera un plazo de "5 a 10 días"[7] para informar si el caso habría de celebrarse por tribunal de derecho o por jurado. Esta incidencia particular, supuso una extensión implícita del plazo en disputa, ello a instancias de a quienes el mismo aprovechaba. Por igual, el referido petitorio redundó en la necesidad de que se señalara una ulterior vista sobre el estado de los procedimientos, efectuada el 26 de abril de 2023, a los únicos fines de que, los recurridos, por conducto de su defensa, notificaran la determinación correspondiente. Ciertamente, ello provocó una dilación adicional del término en controversia, nuevamente atribuible a los recurridos que, en forma alguna, debió haberse imputado a la gestión del Ministerio Público. Además, esta incidencia particular, tal cual expone el peticionario en su comparecencia, reinició el término de ciento veinte (120) días, por lo que la misma debió acogerse como un nuevo punto de partida para los términos de juicio rápido.

De otra parte, precisa destacar que los recurridos, al plantear la procedencia de la desestimación al amparo de los términos de la

---

[7] Véase: Apéndice, Anejo XV: *Minuta* de 10 de abril de 2023, pág. 030.

Regla 64(n)(4) de Procedimiento Criminal, *supra,* se limitaron a apoyar su solicitud en un mero cálculo matemático del rigor establecido en la ley. Sin embargo, nada expusieron sobre la concurrencia de un perjuicio real y específico resultante de la dilación en los términos de juicio rápido que hubiese lesionado sus derechos dentro de los trece (13) días advertidos en exceso. En este sentido, precisa destacar que, en los dictámenes que nos ocupan, el Juzgador expresamente hizo constar que los recurridos no sufrieron perjuicio alguno. Ello, unido al hecho indudable de que fueron estos quienes dilataron los procedimientos al solicitar término cierto para decidir cómo habría de celebrarse el juicio, debió haber movido el criterio del foro primario para validar la demora en la celebración del juicio correspondiente. A esto, a su vez, se le debió sumar el hecho de que el exceso de días en controversia era uno mínimo.

Tal cual esbozáramos, si bien el derecho a juicio rápido es de carácter fundamental, el mismo no es absoluto. Su carácter flexible permite conciliar la letra de la ley con las circunstancias particulares de cada caso, todo a los fines de que, en la determinación de que trate, prevalezca la más adecuada y justa conciliación de los derechos involucrados. En el caso de autos, el Tribunal de Primera Instancia tenía ante sí un claro escenario sobre una demora en los términos, atribuible a los recurridos. Por tanto, el más correcto quehacer adjudicativo le exigía considerar esa circunstancia y proveer para la continuación de los procedimientos, conforme lo reconocido en el ordenamiento jurídico. Así pues, toda vez que el foro de origen erró en la interpretación y aplicación del derecho atinente a la materia que nos ocupa, expedimos el auto solicitado y dejamos sin efecto lo resuelto.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se revocan las determinaciones recurridas. Se

ordena la restitución de los cargos y la continuación de los procedimientos en el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones