ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>JEFFREY APONTE RUIZ<br><br>Parte Peticionaria | KLCE202400807 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J LE2022G0068<br>J LE2022G0069<br>J LE2022G0070<br><br>Sobre:<br>Art. 3.1 Ley 54<br>Art. 3.3 Ley 54 (2 cargos) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Compareció ante este Tribunal la parte peticionaria, el Sr. Jeffrey Aponte Ruíz (en adelante, el "señor Aponte Ruíz" o el "Peticionario"), mediante recurso de *certiorari* presentado el 19 de julio de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, el "TPI"), el 25 de abril de 2024, notificada y archivada en autos al día siguiente. Dicho dictamen fue objeto de una "**Reconsideración**" interpuesta por el Peticionario, la cual fue declarada "No Ha Lugar" el 20 de junio de 2024 y notificada al día siguiente.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I.**

Por hechos acontecidos los días 9 y 10 de enero de 2022, el Ministerio Público presentó denuncias en contra del Peticionario por infringir los Artículos 3.1 y 3.3 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica" (en adelante "Ley 54"), que tipifican los delitos de maltrato y maltrato mediante amenaza. 8 LPRA secs. 631 y 633. En síntesis,

Número Identificador
RES2024_____

al señor Aponte Ruíz se le imputó haber amenazado a la Sra. Nancy Vargas González (en adelante, la "señora Vargas González") con causarle un daño determinado y haberla maltratado psicológicamente. Ese mismo día, se halló causa probable para su arresto por los delitos previamente mencionados. Posteriormente, la vista preliminar se llevó a cabo el 18 de febrero de 2022. Allí, el foro primario determinó que existía causa probable para acusar al Peticionario. Así las cosas, el 23 de febrero de 2022, el Ministerio Público presentó los correspondientes pliegos acusatorios. En detalle, la acusación del caso núm. JLE2022G0068 lee como sigue:

> EL REFERIDO ACUSADO JEFFREY APONTE RUIZ, ALL[Á] EN O PARA EL DIA 9 DE ENERO DE 2022 Y EN PONCE PUERTO RICO QUE FORMA PARTE DE LA JURISDICCI[Ó]N DEL TRIBUNAL DE PRIMERA INSTANCIA SALA DE PONCE, A PROP[Ó]SITO EMPLE[Ó] MALTRATO PSICOL[Ó]GICO PARA CAUSAR GRAVE DAÑO EMOCIONAL CONTRA LA SRA. NANCY VARGAS GONZ[Á]LEZ CON QUIEN SOSTEN[Í]A RELACION CONSENSUAL, CONSITENTE EN QUE LE DIJO HIJA DE PUTA, CABRRONA, PUERQUITA, PUERCA, EMBUSTERA QUIEN TE QUIERE, PEDAZO DE MIERDA, SIENDO ESTO UN PATRON DE CONDUCTA.

Por su parte, la acusación del caso núm. JVE2022G0069 dispone lo siguiente:

> EL REFERIDO ACUSADO JEFFREY APONTE RUIZ, ALL[Á] EN O PARA EL DIA 9 DE ENERO DE 2022 Y EN PONCE PUERTO RICO QUE FORMA PARTE DE LA JURISDICCI[Ó]N DEL TRIBUNAL DE PRIMERA INSTANCIA SALA DE PONCE, A PROP[Ó]SITO AMENAZ[Ó] CON CAUSAR DAÑO DETERMINADO CONTRA LA SRA. NANCY VARGAS GONZ[Á]LEZ CON QUIEN SOSTEN[Í]A UNA RELACION CONSENSUAL, CONSISTENTE EN QUE LE MANIFEST[Ó] "DONDE TE VEA EL CARRO TE LO VOY A EXPLOTAR Y LE VOY A EXPLOTAR LAS GOMAS SINTIENDO ESTA TEMOR SU VIDA SEGURIDAD.

Por último, la acusación del caso JVE2022G0070 lee así:

> EL REFERIDO ACUSADO JEFFREY APONTE RUIZ, ALL[Á] EN O PARA EL DIA 10 DE ENERO DE 2022 Y EN PONCE PUERTO RICO QUE FORMA PARTE DE LA JURISDICCI[Ó]N DEL TRIBUNAL DE PRIMERA INSTANCIA SALA DE PONCE, , A PROP[Ó]SITO AMENAZ[Ó] CON CAUSAR DAÑO DETERMINADO CONTRA LA SRA. NANCY VARGAS GONZ[Á]LEZ CON QUIEN SOSTEN[Í]A UNA RELACION CONSENSUAL, CONSISTENTE EN QUE LE MANIFEST[Ó] "SI TE TUVIERA DE FRENTE TE MATO, MEJOR ESCONDETE, DONDE TE PILLE TE VAS A JODER, TE VOY A HACER DAÑO DE VERDAD, TE VOY A CAER ENCIMA, TE VOY A REVENTA, TE QUIERO MATAR, QUIERO TE MUERAS, VOY Y TE TIROTEA LA CASA" ENTRE OTRAS AMENAZAS. SINTIENDO ESTA TEMOR SU VIDA SEGURIDAD.

Posteriormente, el 25 de febrero de 2022, el señor Aponte Ruíz presentó una "**Moción al Amparo de la Regla 95 de las de Procedimiento Criminal y del debido Procedimiento de Ley**" mediante la cual solicitó que se le entregara toda la evidencia e información pertinente al caso. El 8 de marzo de 2022, el Ministerio Público presentó su "**Contestación a Moción al Amparo de la Regla 95 de Procedimiento Criminal**", la cual acompañó de los documentos requeridos por la representación legal de la defensa, incluyendo un *Informe y Certificación de Evidencia Digital*, así como un *Formulario de Consentimiento a un registro*. Así las cosas, la selección del jurado quedó constituida el 13 de octubre de 2023.

Luego de varios trámites procesales, y de culminada la etapa de descubrimiento de prueba, se llevó a cabo una vista al amparo de la Regla 109 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 109, los días 18 y 22 de enero de 2024, 14 de febrero de 2024, 13 de marzo de 2024 y 11 de abril de 2024. Durante la referida vista, testificaron bajo juramento el Agente Carlos J. Alonso Cortés (en adelante, el "Agt. Alonso Cortés") y la señora Vargas Rodríguez. Surge de la minuta de los procedimientos, que el 18 de enero de 2024 el Peticionario objetó la admisión de cierto formulario de consentimiento a un registro del teléfono celular Samsung A12 perteneciente a la señora Vargas Rodríguez. Como consecuencia de lo anterior, el TPI reseñaló dicha vista para el 22 de enero de 2024, proveyendo así tiempo para que el Ministerio Público le entregara al Peticionario copia de dicho formulario y para que su representación legal se preparara.

En la referida vista, el señor Aponte Ruíz también objetó la admisibilidad del DVD+R que contiene la información que se extrajo del teléfono celular Samsung A12, incluyendo su contenido. Específicamente, argumentó que la grabación de dos (2) llamadas telefónicas y "screenshots" de conversaciones de la aplicación de *Whatsapp* no eran admisibles. Finalmente, el 11 de abril de 2024 y notificada el 25 de abril de 2024, el foro primario determinó que la antedicha pieza evidenciaria fue autenticada conforme a derecho. Entendió que los argumentos del Peticionario iban

dirigidos al peso de la prueba y no a su admisibilidad. Insatisfecho con esta decisión, el 13 de mayo de 2024, el señor Aponte Ruíz presentó una "**Reconsideración**" mediante la cual reiteró su postura respecto a que el DVD+R, identificado como Exhibit #3, no fue autenticado correctamente. Dicha solicitud fue declarada "No Ha Lugar" el 20 de junio de 2024.

Aún inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTACIA AL ADMITIR EN EVIDENCIA UN CONSENTIMIENTO DE LA SRA. NANCY VARGAS PARA QUE LA POLICIA EXTRAYERA CONTENIDO DE SU TELÉFONO SAMSUNG A12 SIN QUE EL MINISTERIO PÚBLICO LO HAYA DESCUBIERTO A LA DEFENSA DURANTE EL DESCUBRIMIENTO DE PRUEBA Y ANTES DE COMENZADO EL JUICIO.

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR EN EVIDENCIA LA IDENTIFICACIÓN NÚMERO 3 DEL MINISTERIO PÚBLICO LA CUAL CONSISTE EN PARTE DE DOS CONVERSACIONES TELEFÓNICAS QUE FUERON GRABADAS POR LA ALEGADA PERJUDICADA SIN EL CONOCIMIENTO NI CONSENTIMIENTO DEL PETICIONARIO EN VIOLACIÓN A LA CONSTITUCIÓN, EL CÓDIGO PENAL Y LO DISPUESTO EN LAS REGLAS DE EVIDENCIA DE PUERTO RICO.

C. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR, CONTRARIO A DERECHO, UNOS S[C]REENSHOTS DE CONVERSACIONES POR LA APLICACIÓN DE WHATSAPP, SIN HABERSE AUTENTICADO DEBIDAMENTE CONFORME A LAS REGLAS DE EVIDENCIA.

El 3 de septiembre de 2024 el Ministerio Público compareció mediante "**Escrito en Cumplimiento de Orden**". Posteriormente, el señor Aponte Ruiz presentó "**Moción Urgente en Auxilio de Jurisdicción y Paralización de los Procedimientos ante el Tribunal de Primera Instancia**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión

de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711. Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v. Gómez Alayon, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras

palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

Nuestro ordenamiento jurídico dicta que, para que una evidencia sea considerada admisible, debe ser pertinente. La evidencia pertinente es aquella que tiende a hacer más o menos probable la existencia de un hecho, afectando así la adjudicación de una acción. 32 LPRA Ap VI, R. 401. Esta condición es necesaria pero no basta por sí sola para que la prueba sea admitida. V. I. Neptune Rivera, La Evidencia Electrónica, Autenticación y Admisibilidad, 1ra ed., San Juan, 2017, pág. 9. Esto es, la evidencia presentada no solo debe ser pertinente, sino que también debe ser autenticada.

Con ese fin, el inciso (A) de la Regla 901 de las Reglas de Evidencia establece que la autenticación se cumple al presentar evidencia que respalde la afirmación de la parte proponente de que el objeto en cuestión es lo que se afirma que es. 32 LPRA Ap VI, R. 901. En sintonía con esto, la referida Regla enumera una serie de métodos, no exhaustivos, para verificar la autenticidad de la evidencia. Es decir, la autenticación no se circunscribe a un método en particular. Rosado Reyes v. Global Healthcare, 205 DPR 796, 813 (2020). Entre los métodos de autenticación de evidencia se encuentran los siguientes:

**(1) Testimonio por testigo con conocimiento. – Testimonio de que una cosa es lo que se alega.**

[…]

**(11) Cadena de custodia. – La evidencia demostrativa real puede ser autenticada mediante su cadena de custodia.**
32 LPRA Ap. VI, R. 901 (énfasis suplido).

La creciente prevalencia de dispositivos electrónicos plantea la necesidad de comprender su funcionamiento, especialmente en el contexto legal. Cuando hablamos de evidencia electrónica, nos referimos a datos que son generados, guardados o compartidos utilizando sistemas o dispositivos electrónicos. Rosado Reyes v. Global Healthcare, *supra,* pág. 811. Este tipo de evidencia no se elimina, sino que se convierte o transforma. Neptune Rivera, *op. cit.*, pág. 5. **Las formas más frecuentes para autenticar la evidencia electrónica son autenticación mediante características distintivas y autenticación mediante el testimonio de un testigo de conocimiento**. Rosado Reyes v. Global Healthcare, *supra*, pág. 813. Cabe destacar que la autenticación de evidencia electrónica presenta desafíos debido a su naturaleza frágil y su susceptibilidad a la manipulación, alteración, daño o destrucción. Neptune Rivera, *op. cit.*, pág. 15.

Por su parte, la cadena de custodia es el método reconocido para autenticar evidencia demostrativa que no puede ser identificada por su apariencia, ni es susceptible de ser marcada. Ernesto L. Chiesa, Tratado de Derecho Probatorio, San Juan, Pub. J.T.S., Tomo. II, 2005, pág. 926. El profesor Chiesa Aponte nos explica que la cadena de custodia está formada por los eslabones de custodia, y cada eslabón debe registrar el momento en que se tuvo la evidencia, de quién se recibió a quién se entregó, y las medidas tomadas para asegurar su integridad y prevenir cualquier alteración. Íd. Es importante señalar que la cadena de custodia puede ser suficiente, pero no necesaria para cumplir con el requisito de autenticación. Pueblo v. Echevarría Rodríguez I, 128 DPR 299, 349 (1991). Si el proponente de la evidencia logra satisfacer las exigencias de autenticación, ya sea por cadena de custodia o por testimonio de identificación, habrá superado la barrera que afectaba la admisibilidad. Íd.

Finalmente, una vez que el proponente de la evidencia ha demostrado con razonable certeza que el objeto no ha sido alterado en ningún aspecto desde su estado original, cualquier incertidumbre acerca de posibles cambios o contaminaciones, **se dirige al peso de la prueba y no a su admisibilidad**. Pueblo v. Santiago Feliciano, *supra*, pág. 425. En este

sentido, si el tribunal estima que se presentó prueba suficiente para autenticar el objeto y decide admitir la evidencia, "tal determinación no deberá ser alterada en apelación a no ser por un claro abuso de discreción." Pueblo v. Echevarría Rodríguez I, *supra*, pág. 349-350.

**C.**

En nuestro ordenamiento jurídico es harto conocido que toda persona acusada de delito goza del derecho a preparar una defensa adecuada. Pueblo v Custodio, 192 DPR 567, 584 (2015). Como parte de esta garantía, nuestro Tribunal Supremo ha reconocido como fundamental el derecho del imputado a obtener toda la evidencia que pueda favorecerle mediante el mecanismo de descubrimiento de prueba. Pueblo v. Santa-Cruz, 149 DPR 223, 231 (1991). Así pues, el derecho al descubrimiento de prueba es consustancial al derecho constitucional de todo acusado a defenderse en un proceso criminal instado en su contra. Pueblo v. Echevarría Rodríguez I, 128 DPR 299,  324 (1991). Este derecho está regulado por la Regla 95 de Procedimiento Criminal. 34 LPRA Ap. II, R. 95. En específico, la referida Regla dispone lo siguiente:

[…]

> [E]l Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:

[…]

> (4) **Cualquier** libro, **papel**, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, **que el Ministerio Fiscal se propone utilizar en el juicio** o que fue obtenido del acusado o perteneciera al acusado. Íd. (énfasis suplido).

En armonía con lo anterior, la Regla 95B de dicho cuerpo reglamentario establece que el descubrimiento de prueba "debe completarse en un plazo no mayor de diez (10) días antes del juicio". 34 LPRA Ap. II, R. 95B. No obstante, este derecho no es absoluto, puesto que su extensión descansa en la sana discreción del tribunal, quien debe considerar ciertos elementos al realizar un balance entre los derechos que ostenta el acusado y el interés que posee el Estado. Pueblo v Custodio,

*supra*, pág. 586. Así pues, corresponde al tribunal decidir cómo se realizará el descubrimiento de prueba, así como establecer los términos y condiciones que considere justos y necesarios. Pueblo v. Rodríguez González, 202 DPR 258, 272 (2019).

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* del TPI mediante la cual admitió como evidencia el Exhibit 3 del Ministerio Público consistente de un DVD+R con la información del teléfono celular de la señora Vargas Rodríguez.

En los señalamientos de error esgrimidos, el señor Aponte Ruíz plantea que el foro primario erró al admitir en evidencia: (1) el formulario de consentimiento de la señora Vargas Rodríguez, (2) el DVD+R que contiene la información extraída del celular Samsumg A12 y (3) unos "screenshots" de conversaciones por la aplicación de *Whatsapp*.

Surge del expediente ante nuestra consideración que el 11 de enero de 2022 el Ministerio Público presentó varias denuncias en contra del Peticionario por infringir los Artículos 3.1 y 3.3 de la Ley 54, *supra,* que tipifican los delitos de maltrato y maltrato mediante amenaza. Ese mismo día, se determinó causa probable para su arresto. El 18 de febrero de 2022, se celebró la vista preliminar en la que se halló causa probable para acusar al señor Aponte Ruíz en todos los cargos. Así las cosas, el 25 de febrero de 2022 el Peticionario presentó una *Moción al Amparo de la Regla 95,* por medio de la cual solicitó la entrega de toda la evidencia e información relevante al caso. En respuesta a ello, el 8 de marzo de 2022, el Ministerio Público presentó su *Contestación,* la cual acompañó de varios documentos incluyendo el *Formulario de Consentimiento a un registro* de un teléfono celular marca iPhone perteneciente a la señora Vargas Rodríguez.

Así las cosas, en los días 18 y 22 de enero de 2024, 14 de febrero de 2024, 13 de marzo de 2024 y 11 de abril de 2024 se llevó a cabo una vista conforme a la Regla 109 de las Reglas de Evidencia, *supra*, durante la cual testificaron el Agt. Alonso Cortés y la señora Vargas Rodríguez. De la minuta de la vista del 18 de enero de 2024 surge que el Peticionario objetó la

admisión del *Formulario de Consentimiento* del teléfono celular Samsung A12 perteneciente a la señora Vargas Rodríguez, bajo el fundamento de que no se le proveyó copia del mismo. Como consecuencia de ello, el TPI reprogramó la vista para otorgar tiempo al Ministerio Público de entregar la copia y para que la representación legal del Peticionario se preparara. En la aludida vista, el señor Aponte Ruíz también impugnó la admisibilidad del DVD+R que contiene la información obtenida del teléfono celular Samsung A12. Específicamente, alegó que la grabación de dos (2) llamadas telefónicas y las capturas de pantalla de conversaciones de la aplicación *WhatsApp* no eran admisibles. El 11 de abril de 2024, el TPI admitió dichas piezas evidenciarias.

Tras examinar los documentos que obran en el legajo apelativo y la regrabación de los procedimientos acaecidos durante los días de vista, no encontramos base que respalde la expedición del presente recurso discrecional. Evaluados los hechos particulares de este caso, es nuestra posición que el TPI no abusó de su discreción al determinar que el DVD+R y su contenido son admisibles y que los argumentos del Peticionario van dirigidos al peso de la prueba y no a su admisibilidad.

No debemos olvidar que, respecto al *Formulario de Consentimiento* del teléfono celular Samsung A12, el foro recurrido reseñaló la vista para que la representación legal del señor Aponte Ruíz pudiera revisar dicho documento. Es decir, el Tribunal en su sana discreción, le concedió un término de varios días a la defensa para que pudieran examinar el aludido documento al considerarlo justo y necesario y tomando en consideración el balance de los intereses involucrados.

En lo correspondiente al argumento esgrimido sobre la grabación de la conversación telefónica por parte de la señora Vargas Rodríguez, no podemos perder de perspectiva lo resuelto por el Tribunal Supremo, a los efectos de que "sería un contrasentido estimar que el autor de una llamada ilegal de este género, atentatoria a la intimidad, todavía está protegido constitucional o estatutariamente" […] "y es merecedor a que se obtenga su consentimiento previo como requisito para disuadirlo de que no realice sus

amenazas, abusos, o vejámenes contra tus víctimas". P.R. Tel. Co. V. Martínez, 114 DPR 328, 345 (1983). Del examen de todo el legajo apelativo surge que las palabras que el Peticionario dirigió a la señora Vargas Rodríguez a través de las llamadas grabadas, precisamente, constituyen la base para las acusaciones que recayeron en contra del señor Aponte Ruiz. Así, a la luz del estado de derecho vigente, el Peticionario renunció a su derecho constitucional de que no se intercepten sus llamadas telefónicas.

Finalmente, al examinar la regrabación de las vistas, entendemos que el foro *a quo* no abusó de su discreción al concluir que tanto el DVD+R como su contenido fueron autenticados conforme a derecho, es decir, mediante uno de los métodos de autenticación de evidencia permitidos por la Regla 901 de las Reglas de Evidencia, *supra*, a través del testimonio de la señora Vargas Rodríguez y del Agt. Alonso Cortés. Más aun cuando se ha resuelto que una vez establecido que la prueba no ha sido afectada o no ha sufrido alteración, "cualquier duda que surja respecto de la posible adulteración o contaminación de la evidencia, se dirige al peso y no a la admisibilidad de la evidencia". Pueblo v. Santiago Feliciano, 139 DPR 361, 425 (1995).

Por consiguiente, no hallamos cómo el TPI se alejó de los parámetros discrecionales al admitir en evidencia el Exhibit Núm. 3 del Ministerio Público. No surge del expediente cómo dicha admisión le ha ocasionado un perjuicio al Peticionario, ni se nos ha puesto en posición de interpretar cómo sostener la determinación impugnada representa una violación al derecho constitucional del señor Aponte Ruíz de no interceptar sus llamadas telefónicas. Además, de la grabación de las llamadas telefónicas surge la proliferación de palabras soeces y amenazantes que dieron paso a la interpretación de que había renunciado a su derecho constitucional.

En vista de lo anterior, somos de la opinión de que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del TPI por el nuestro.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones